UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. FLYNT; HAIG KELEGIAN SR.; and HAIG T. KELEGIAN JR.,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, et al.,<br><br>Defendants. | No. 2:16-cv-02831-JAM-EFB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Three card club owners want more than a one-percent interest in out-of-state casinos, which California's gambling laws prohibit. Because of this prohibition, Plaintiffs sue both the Bureau of Gambling Control and California officials, alleging these laws violate the U.S. Constitution's dormant commerce and substantive due process clauses. Compl., ECF No. 1. Defendants move to dismiss this action. Mot., ECF No. 19. Plaintiffs oppose. Opp'n, ECF No. 24. For the reasons explained below, the Court grants Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 2, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the complaint.

1

I.   BACKGROUND

Card clubs pervade California. Patrons frequent these establishments to play card games. Compl. ¶ 17. With a gaming license, California residents may own card clubs. Id. Plaintiffs Larry C. Flynt, Haig Kelegian Sr., and Haig T. Kelegian Jr. each own gaming licenses. Id. ¶¶ 8-10.

But Plaintiffs want more than ownership: They also want to substantially invest in out-of-state casinos. Id. ¶ 4. California forbids this. California's gambling laws empower the state to revoke card club owners' gaming licenses if they have more than one-percent interest in an out-of-state, casino-style gambling entity. Cal. Bus. & Prof. Code §§ 19858, 19858.5. Flynt and Kelegian Sr. allege these laws made them forego lucrative business opportunities; Kelegian Jr. owned more than one-percent interest in an out-of-state casino, and the state made him divest it. See Compl. ¶¶ 47-57.

Believing these laws to be unconstitutional, Plaintiffs sue the Bureau of Gambling Control and state officials. Notice of Automatic Substitution of Parties, ECF No. 18. Through facial and as-applied challenges, Plaintiffs argue §§ 19858 and 19858.5 violate the U.S. Constitution's dormant commerce and substantive due process clauses. Compl. ¶¶ 1-7. Defendants move to dismiss this case as untimely. Mem., ECF No. 19-1, at 4-5.

II.   OPINION

A.   Statute of Limitations

Section 1983 claims brought in California federal court have a two-year statute of limitations. See Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014)

(citing Cal. Civ. Proc. Code § 335.1). Although state law defines the limitations period, federal law determines the claim accrues "when a plaintiff knows or has reason to know of the actual injury." See Scheer v. Kelly, 817 F.3d 1183, 1188 (9th Cir. 2016); Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).

B. Discussion

Plaintiffs filed their complaint on November 30, 2016. See generally Compl. The parties dispute whether this was timely. Defendants contend it is not because Plaintiffs' injuries occurred more than two years earlier. See Mem. at 5. But Plaintiffs argue the case is timely because their injuries are ongoing. See Opp'n at 6-8.

To bolster their statute-of-limitations defense, Defendants cite two operative dates. First, they cite January 1, 2008—the day California enacted its gambling law. Mem. at 5 (referencing § 19858). The Ninth Circuit makes clear, however, that when a plaintiff facially challenges a law, that law's enactment date does not commence the limitations period. See Scheer, 817 F.3d at 1188 (finding plaintiff's claim timely because limitations period began when the California Supreme Court denied her review petition, not when the challenged rules were enacted).

Second, Defendants cite June 12, 2014—the day the California Gambling Control Commission ("Commission") ordered Kelegian Jr. to divest his illegal interest[2] and fined him $200,000 for

---

[2] Kelegian Jr. opened Kelco Gaming, LLC, a casino-style gambling entity in Seattle, Washington. Compl. ¶¶ 54-55. He owned 1% interest and his wife owned 99% interest. Id. ¶ 55. He reported his interest, but California's marital property law deemed it "vastly in excess of one percent." Id. ¶ 56.

3

violating §§ 19858 and 19858.5.  See Mem. at 5.  See also
Commission Decision (attached to Compl. as Ex. F).  The
Commission's decision applies only to Kelegian Jr., but it also
admittedly put Flynt and Kelegian Sr. on notice about the injury
underlying this suit (Compl. ¶¶ 47-57) and therefore is the
operative date for all Plaintiffs' alleged injuries.  The Court
finds, therefore that all of the Plaintiffs' claims accrued on
June 12, 2014—more than two years before Plaintiffs filed suit
and are time barred unless Plaintiffs pled a continuing harm.
See Knox, 260 F.3d at 1013.

They did not. A continuing harm is one that first occurs beyond the statute of limitations but continues to occur within the statutory period.  See id.  Claims based on alleged continuing harm may be timely even though they technically accrued outside the statute of limitations.  See id.  But to be a continuing harm, the alleged wrongdoing and resultant injury must truly be ongoing or reoccurring; a "mere continuing impact from past violations" does not suffice.  See id. (original emphasis) (internal citations and quotation marks omitted).

Plaintiffs argue they allege ongoing, continuous harm. Opp'n at 6-7.  First they cite Flynt's and Kelegian Sr.'s lost business opportunities: California's gambling laws made Flynt and Kelegian Sr. forfeit lucrative opportunities to invest in out-of-state casinos.  See Compl. ¶¶ 47-52.  Yet neither Flynt nor Kelegian Sr. identify a date these alleged injuries occurred. The Court lacks information critical to assess them and thus declines to consider them.

Second, Plaintiffs cite the Commission's decision as an

4

ongoing, continuous injury.  See Opp'n at 8.  It is not.  The Commission fined Kelegian Jr. for violating California's gambling prohibition, see Ex. F at 5, which he paid, Compl. ¶ 57.  This is a single harm.  In opposition, Plaintiffs manufacture an ongoing, continuous harm theory by characterizing the Commission decision as a "pending enforcement action" whose impact remains in effect until June 13, 2019.  See Opp'n at 8.  Not so.  Although the Commission stayed (for five years) $125,000 of Kelegian Jr.'s fine, see Ex. F at 5, the stay was conditioned on his §§ 19858 and 19858.5 compliance, see id. at 6.  In other words, the Commission made a one-time decision with a lasting impact.  That continuing impact (precluding Plaintiffs from substantially investing in out-of-state casinos) is not actionable.  See Knox, 260 F.3d at 1013.  Plaintiffs have not alleged a continuous harm, so their complaint is time barred. The Court finds that Plaintiffs still might be able to plead sufficient facts to avoid dismissal on statute of limitations grounds and therefore grants the motion to dismiss without prejudice.

### III.  ORDER

The Court GRANTS Defendants' motion to dismiss with leave to amend.  Plaintiffs shall file a First Amended Complaint within twenty days of this Order or this action will be dismissed. Defendants' responsive pleadings are due twenty days thereafter.

IT IS SO ORDERED.

Dated: May 26, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5