UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. FLYNT; HAIG KELEGIAN, SR.; and HAIG T. KELEGIAN, JR.,<br><br>    Plaintiffs,<br><br>    v.<br><br>XAVIER BECERRA, et al.,<br>    Defendants. | No. 2:16-cv-02831-JAM-EFB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Three card club owners want more than a one-percent interest in out-of-state casinos, which California's gambling laws prohibit. Larry C. Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr. (collectively "Plaintiffs") sue both the Bureau of Gambling Control and California officials (collectively "Defendants"), alleging these laws violate the U.S. Constitution's dormant commerce and substantive due process clauses. Compl., ECF No. 1. Earlier this year, this Court granted the Defendants' motion to dismiss, without prejudice, based on Plaintiffs' failure to bring suit within the statute of limitations. Order, ECF No. 31. Defendants again move to dismiss Plaintiffs' First Amended Complaint, ECF No. 32 (the

1

"FAC"). Mot., ECF No. 33. Plaintiffs oppose. Opp'n, ECF No. 35. For reasons explained below, the Court grants Defendants' motion—this time with prejudice.[1]

I. BACKGROUND

Card clubs pervade California. Patrons frequent these establishments to play card games. FAC ¶ 17. With a gaming license, California residents may own card clubs. Id. Plaintiffs Larry C. Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr. each own gaming licenses. Id. ¶¶ 8-10.

But Plaintiffs want more than ownership: they also want to substantially invest in out-of-state casinos. Id. ¶ 4. California forbids this. California's gambling laws empower the state to revoke card club owners' gaming licenses if they have more than a one-percent interest in an out-of-state, casino-style gambling entity. Cal. Bus. & Prof. Code §§ 19858, 19858.5. Flynt and Kelegian, Sr. allege these laws made them forego lucrative business opportunities, including opportunities to purchase out-of-state casinos in 2014 and 2015. FAC ¶¶ 49-77. Kelegian, Jr. owned more than a one-percent interest in an out-of-state casino and the state made him divest it and fined him. See FAC ¶¶ 67-71.

As a result of the State's decision and enforcement of §§ 19858 and 19858.5, Plaintiffs filed this action against the Bureau of Gambling Control and state officials. Through facial

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for Oct. 3, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the FAC.

and as-applied challenges, Plaintiffs argue these statutes violate the U.S. Constitution's dormant commerce and substantive due process clauses. FAC ¶¶ 1-7. After the Court granted Defendants' motion to dismiss the initial complaint without prejudice, Plaintiffs filed the FAC. Defendants again move to dismiss this case as untimely. Mem., ECF No. 33-1, at 5-6.

II. OPINION

A. Statute of Limitations

Section 1983 claims brought in California's federal courts have a two-year statute of limitations. See Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014) (citing Cal. Civ. Proc. Code § 335.1). Although state law defines the limitations period, federal law determines the claim accrues "when a plaintiff knows or has reason to know of the actual injury." See Scheer v. Kelly, 817 F.3d 1183, 1188 (9th Cir. 2016); Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Statutes of limitations may bar facial challenges against laws deemed to violate constitutional provisions. See Scheer v. Kelly, 817 F.3d 1183, 1188 (9th Cir. 2016) (Section 1983's two-year statute of limitations applied to plaintiff's facial First Amendment and Fourteenth Amendment challenges to California's attorney discipline system); Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688-89 (9th Cir. 1993) (facial Fifth Amendment Takings challenge for declaratory relief was time barred).

Plaintiffs filed their original complaint on November 30, 2016. See generally Compl. The parties dispute whether this

was timely. Defendants contend it was not because Plaintiffs' injuries occurred more than two years earlier. See Mem. at 5. But Plaintiffs argue their filing was timely because the statute of limitations does not apply to their claims and, even if it does, their injuries are ongoing. See Opp'n at 2-3.

Plaintiffs cite Maldonado v. Harris in support of their argument that the statute of limitations does not apply to their facial constitutional challenges. Opp'n at 2-3 (citing Maldonado v. Harris, 370 F.3d 945 (9th Cir. 2004)). But Plaintiffs' argument misrepresents the holding in Maldonado and ignores the rule enunciated in Scheer v. Kelly, supra at 1188. The Maldonado Court questioned—in dicta—the application of a limitations period to a First Amendment facial challenge. Maldonado, 370 F.3d at 955. Almost twelve years later, in Scheer, the Ninth Circuit ruled that the limitations period to bring a facial challenge under § 1983, even based on the First Amendment, begins to run when a plaintiff "knows or has reason to know of the actual injury." 817 F.3d at 1186, 1188. Plaintiffs cannot avoid the § 1983 statute of limitations by asserting facial challenges.

To bolster their statute-of-limitations defense, Defendants cite June 12, 2014—the day the California Gambling Control Commission ("Commission") ordered Kelegian, Jr. to divest his illegal interest[2] and fined him $200,000 for violating §§ 19858 and 19858.5. See Mem. at 5. See also Commission Decision

---

[2] Kelegian, Jr. opened Kelco Gaming, LLC, a casino-style gambling entity in Seattle, Washington. FAC ¶¶ 68-69. He owned a 1% interest and his wife owned a 99% interest. Id. ¶ 69. He reported his interest, but California's marital property law deemed it "vastly in excess of one percent." Id. ¶ 70.

4

(attached to FAC as Ex. F). The Commission's decision applies only to Kelegian, Jr. But Defendants argue, and Plaintiffs do not contest, that it also put Flynt and Kelegian, Sr. on notice about the injury underlying this suit. See Mem. at 1; see generally FAC and Opp'n. So the date of the Commission's decision is the operative date for all Plaintiffs' alleged injuries. All claims accrued on that date—June 12, 2014—more than two years before Plaintiffs filed suit. See generally Compl. Their complaint is time barred unless they pled a continuing harm. See Knox, 260 F.3d at 1013.

Plaintiffs have not pled a continuing harm. A continuing harm is one that first occurs beyond the statute of limitations but continues to occur within the statutory period. See id. Claims based on alleged continuing harm may be timely even though they technically accrued outside the statute of limitations. See id. But to be a continuing harm, the alleged wrongdoing and resultant injury must truly be ongoing or reoccurring; a "mere continuing *impact* from past violations" does not suffice. See id. (original emphasis) (internal citations and quotation marks omitted).

Plaintiffs argue they allege ongoing, continuous harm. See Opp'n at 3-4. First, they cite Flynt's and Kelegian, Sr.'s lost business opportunities: California's gambling laws made Flynt and Kelegian, Sr. forfeit lucrative opportunities to invest in out-of-state casinos. See FAC ¶¶ 49-63. The Court requested more specific information about these foregone opportunities in its prior order. Order at 4. In response, Plaintiffs detailed the casinos that Mr. Flynn passed on the chance to buy and explained

that Mr. Flynn may lose his minority interest in an adult establishment if the majority owner adds gambling there. See FAC ¶¶ 49-66. But these specifics only constitute "a mere continuing impact from" the June 12, 2014 decision and are not enough to plead a continuing harm. See Knox, 260 F.3d at 1013.

Second, Plaintiffs cite the Commission's decision as an ongoing, continuous injury because of a "continuing enforcement" of the statutes. See Opp'n at 3. It is not. The Commission fined Kelegian, Jr. for violating California's gambling prohibition, see Ex. F at 5, which he paid, FAC ¶ 71. This is a single harm. In opposition, Plaintiffs manufacture an ongoing, continuous harm theory by characterizing the Commission decision as a "continuing enforcement" akin to the permanent injunction in Maldonado. See Opp'n at 2-3 (citing Maldonado, 370 F.3d at 955-56). Not so. The Commission stayed (for five years) $125,000 of Kelegian, Jr.'s fine, see Ex. F at 5, conditioned on his §§ 19858 and 19858.5 compliance. See id. at 6. In other words, the Commission made a one-time decision with a lasting impact. That continuing impact (precluding Plaintiffs from substantially investing in out-of-state casinos) is not actionable. See Knox, 260 F.3d at 1013.

Plaintiffs also argue that they are subject to a continuing violation by the state due to: (1) the requirement that they file declarations of compliance with §§ 19858 and 19858.5 when applying to renew their licenses and (2) the state's investigation of those declarations. See Opp'n at 4-5. These facts are not in the FAC. See generally FAC. Still, the Plaintiffs' obligation to comply with the June 12, 2014 decision

6

and the state's related investigations are a continuing impact of that June 2014 decision. They are not a new action by the state. Plaintiffs have not alleged a continuous harm, so their claims are time barred. The Court also finds that any further amendment would be futile and, therefore, grants Defendants' motion to dismiss with prejudice. Finally, the Court need not, and does not, reach the parties' arguments regarding the dormant commerce clause and substantive due process claims brought by Plaintiffs given the Court's finding regarding the statute of limitations.

## III. ORDER

For the reasons above, the Court GRANTS Defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.

Dated: October 26, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE