# EXHIBIT A

# EXHIBIT A

1　ROB BONTA, State Bar No. 202668
　　Attorney General of California
2　SARA J. DRAKE, State Bar No. 102565
　　Senior Assistant Attorney General
3　T. MICHELLE LAIRD, State Bar No. 162979
　　Supervising Deputy Attorney General
4　JAMES G. WAIAN, State Bar No. 152084
　　Deputy Attorney General
5　　600 West Broadway, Suite 1800
　　San Diego, CA 92101
6　P.O. Box 85266
　　San Diego, CA 92186-5266
7　Telephone:　(619) 738-9335
　　Fax:　(619) 645-2271
8　E-mail:　James.Waian@doj.ca.gov
　　*Attorneys for Defendants*
9

10　　　　　IN THE UNITED STATES DISTRICT COURT

11　　　　　FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| **ELIZABETH FLYNT, HAIG KELEGIAN, SR., and HAIG T. KELEGIAN, JR.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California; YOLANDA MORROW, in her official capacity as the Acting Director of the California Department of Justice, Bureau of Gambling Control; PAULA D. LaBRIE, in her official capacity as Chair of the California Gambling Control Commission; ERIC C. HEINS, in his official capacity as Commissioner of the California Gambling Control Commission; EDWARD YEE, in his official capacity as Commissioner of the California Gambling Control Commission; CATHLEEN GALGIANI, in her official capacity as Commissioner of the California Gambling Control Commission; WILLIAM LIU, in his official capacity as Commissioner of the California Gambling Control Commission,**<br><br>Defendants. | 2:16-cv-02831-JAM-JDP<br><br>**DEFENDANTS CALIFORNIA GAMBLING CONTROL COMMISSIONERS' RESPONSES TO PLAINTIFFS' SECOND REQUEST TO PRODUCE DOCUMENTS AND THINGS**<br><br>Courtroom:　6<br>Judge:　　　The Honorable John A.<br>　　　　　　　Mendez<br>Trial Date:　November 14, 2022<br>Action Filed:　November 30, 2016 |

1

PROPOUNDING PARTY:   Plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr.

RESPONDING PARTY:   Defendants Paula D. LaBrie, in her official capacity as Chair of the California Gambling Control Commission, and Eric C. Heins, Edward Yee, Cathleen Galgiani, and William Liu, in their official capacities as Commissioners of the California Gambling Control Commission.

SET NUMBER:   TWO (2)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants Paula D. LaBrie, in her official capacity as Chair of the California Gambling Control Commission, and Eric C. Heins, Edward Yee, Cathleen Galgiani, and William Liu, in their official capacities as Commissioners of the California Gambling Control Commission, (collectively, Commission) hereby respond to plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr.'s (Plaintiffs) Second Request To Produce Documents and Things (Request to Produce), as follows.

**PRELIMINARY STATEMENT**

This response by the Commission is made solely for the purpose of this action, and is made without waiving, or intending to waive, but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, propriety, admissibility, privilege, relevancy, or materiality, or any other proper grounds, to the use of this response, or any facts, information, or documents identified herein, in whole or in part, for any purpose in this action, or in any other action; (b) the right to object on any and all grounds, at any time, to other requests for admission, production, interrogatories, or other discovery procedures involving or relating to the subject matter of this response; and (c) the right to revise, correct, add to, or clarify any of the responses provided herein.

The Commission has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action.  All of the responses contained herein are based solely upon information and documents that are presently available to, and specifically known by, the Commission, and disclose only those facts and legal contentions that presently occur to the Commission.  It is anticipated that further discovery, independent

2

investigation, legal research, and analysis may supply additional facts and legal conclusions, and lead to additions, changes, and variations from the answers provided herein.

The following responses are given without prejudice to the right to produce evidence or witnesses that the Commission may later discover. The Commission accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses identified, and legal research is completed. The responses contained herein are made in good faith in an attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice the Commission in relation to further discovery and proceedings.

## GENERAL OBJECTION

The Commission objects to Definition "J" in the Request to Produce, which states:

> These document requests shall be interpreted to refer to the time when the document was made and the present time. Accordingly, a document that would have been responsive to any of the below requests at the time it was made should be produced to the Propounding Parties.

This Definition "J" is inconsistent with the phrasing of the individual document requests. As such, the Commission disregards this Definition "J" and responds to the individual requests as they are written, independent of the language in Definition "J."

**REQUEST NO. 1:**

Any and all DOCUMENTS evidencing the association of organized crime with TRIBAL CASINOS.

**RESPONSE TO REQUEST NO. 1:**

The Commission objects to this request as it is not relevant to Plaintiffs' claims and proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of admissible evidence. To the extent that the request may seek documents such as news releases by state and federal agencies, documents contained on public agency websites, or news articles, Plaintiffs have equal access to those publicly available documents and ample resources to locate and copy them. *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

3

1   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

2   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

3   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

4   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

5   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

6   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

7   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

8   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

9   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

10  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

11  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

12  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

13  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

14  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

15  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

16  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

17  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

18  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

19        The request is not important to resolving the issues remaining in the case in that the only

20  issue remaining is the allegation that California Business and Professions Code sections 19858

21  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

22  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

23  determination of whether any indirect effects on interstate commerce impose a significant burden

24  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

25  10.)  The burden or expense of complying with the request outweighs the possible benefit to

26  resolving the case as the putative local benefits are determined by the Legislature and "in the

27  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

28  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

4

Def. Cal. Gambling Control Comm'rs' Resps. to Pls.' Second Req. To Produc. Docs. and Things
(2:16-cv-02831-JAM-JDP)

1   legislation.'" *Pac. Nw. Venison Producers v. Smith*, 20 F.3d 1008, 1017 (9th Cir. 1994)

2   (quoting *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 92 (1987)); *see also, Nat'l Paint &*

3   *Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1127 (7th Cir. 1995) (quoting *FCC v. Beach*

4   *Comm., Inc.*, 508 U.S. 307, 315 (1993)).

5          The Commission further objects to this request on the ground that it is unlimited as to

6   time.  The Commission further objects to this request on the ground that "association of organized

7   crime with" is vague, ambiguous, and not defined.

8          The Commission further objects that until the scope of the request is determined as to its

9   appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

10   and the meaning of terms, the Commission cannot conduct a diligent search and inquiry to locate

11   and identify specific potentially responsive documents and determine whether they are protected

12   from production by the attorney-client privilege, the deliberative process privilege, the official

13   information privilege, the law enforcement investigatory privilege, the confidential informant

14   privilege, the settlement privilege, the attorney work product doctrine, the common interest

15   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

16   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

17   or protection.

18   **REQUEST NO. 2:**

19          Any and all DOCUMENTS evidencing the association of organized crime with

20   individuals or entities who are licensed cardroom owners.

21   **RESPONSE TO REQUEST NO. 2:**

22          The Commission objects to this request as it is not relevant to Plaintiffs' claims and

23   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

24   admissible evidence.  To the extent that the request may seek documents such as news releases by

25   state and federal agencies, documents contained on public agency websites, or news articles,

26   Plaintiffs have equal access to those publicly available documents and ample resources to locate

27   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

28   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

5

Def. Cal. Gambling Control Comm'rs' Resps. to Pls.' Second Req. To Produc. Docs. and Things
(2:16-cv-02831-JAM-JDP)

1  https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

2  increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

3  of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

4  sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

5  Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

6  Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

7  operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

8  as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

9  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

10  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

11  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

12  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

13  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

14  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

15  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

16  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

17  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

18  　　　The request is not important to resolving the issues remaining in the case in that the only

19  issue remaining is the allegation that California Business and Professions Code sections 19858

20  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

21  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

22  determination of whether any indirect effects on interstate commerce impose a significant burden

23  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

24  10.)  The burden or expense of complying with the request outweighs the possible benefit to

25  resolving the case as the putative local benefits are determined by the Legislature and "in the

26  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

27  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

28  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

6

Def. Cal. Gambling Control Comm'rs' Resps. to Pls.' Second Req. To Produc. Docs. and Things
(2:16-cv-02831-JAM-JDP)

1   *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2   *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Commission further objects to this request on the ground that it is unlimited as to

4   time.  The Commission further objects to this request on the ground that "association of organized

5   crime with" is vague, ambiguous, and not defined.

6         The Commission further objects that until the scope of the request is determined as to its

7   appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8   and the meaning of terms, the Commission cannot conduct a diligent search and inquiry to locate

9   and identify specific potentially responsive documents and determine whether they are protected

10   from production by the attorney-client privilege, the deliberative process privilege, the official

11   information privilege, the law enforcement investigatory privilege, the confidential informant

12   privilege, the settlement privilege, the attorney work product doctrine, the common interest

13   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15   or protection.

16   **REQUEST NO. 3:**

17         Any and all DOCUMENTS evidencing any studies or investigations that were proposed

18   or undertaken by any agency or office of the State of California of which you are aware

19   concerning the association of organized crime with TRIBAL CASINOS.

20   **RESPONSE TO REQUEST NO. 3:**

21         The Commission objects to this request as it is not relevant to Plaintiffs' claims and

22   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

23   admissible evidence.  To the extent that the request may seek documents such as news releases by

24   state and federal agencies, documents contained on public agency websites, or news articles,

25   Plaintiffs have equal access to those publicly available documents and ample resources to locate

26   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

27   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

28   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

7

Def. Cal. Gambling Control Comm'rs' Resps. to Pls.' Second Req. To Produc. Docs. and Things
(2:16-cv-02831-JAM-JDP)

increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card; Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015) https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million (organized crime and the sale of Bicycle Casino) (July 30, 1996) https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010) https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

The request is not important to resolving the issues remaining in the case in that the only issue remaining is the allegation that California Business and Professions Code sections 19858 and 19858.5 indirectly regulate interstate commerce. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021). That issue will be resolved based on the Court's determination of whether any indirect effects on interstate commerce impose a significant burden that is clearly excessive in relation to the putative local benefits of the challenged statutes. (*Id.* at 10.) The burden or expense of complying with the request outweighs the possible benefit to resolving the case as the putative local benefits are determined by the Legislature and "in the context of dormant commerce clause analysis, the Supreme Court has frequently admonished that courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of legislation.'" *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

1   *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*
2   *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3       The Commission further objects to this request on the ground that it is unlimited as to
4   time.  The Commission further objects to this request on the ground that "association of organized
5   crime with" is vague, ambiguous, and not defined.

6       The Commission further objects that until the scope of the request is determined as to its
7   appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,
8   and the meaning of terms, the Commission cannot conduct a diligent search and inquiry to locate
9   and identify specific potentially responsive documents and determine whether they are protected
10   from production by the attorney-client privilege, the deliberative process privilege, the official
11   information privilege, the law enforcement investigatory privilege, the confidential informant
12   privilege, the settlement privilege, the attorney work product doctrine, the common interest
13   doctrine, the privacy rights of others, the state prohibitions on disclosure under California
14   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege
15   or protection.

16   **REQUEST NO. 4:**

17       Any and all DOCUMENTS evidencing any studies or investigations that were proposed
18   or undertaken by any agency or office of the State of California of which you are aware
19   concerning the association of organized crime with cardroom ownership.

20   **RESPONSE TO REQUEST NO. 4:**

21       The Commission objects to this request as it is not relevant to Plaintiffs' claims and
22   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of
23   admissible evidence.  To the extent that the request may seek documents such as news releases by
24   state and federal agencies, documents contained on public agency websites, or news articles,
25   Plaintiffs have equal access to those publicly available documents and ample resources to locate
26   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to
27   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)
28   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

1   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

2   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

3   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

4   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

5   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

6   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

7   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

8   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

9   gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

10   (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

11   xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

12   (organized crime and the sale of Bicycle Casino) (July 30, 1996)

13   https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

14   Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

15   01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

16   https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

17          The request is not important to resolving the issues remaining in the case in that the only

18   issue remaining is the allegation that California Business and Professions Code sections 19858

19   and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

20   JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

21   determination of whether any indirect effects on interstate commerce impose a significant burden

22   that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

23   10.)  The burden or expense of complying with the request outweighs the possible benefit to

24   resolving the case as the putative local benefits are determined by the Legislature and "in the

25   context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

26   courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

27   legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

28

10

1   *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2   *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Commission further objects to this request on the ground that it is unlimited as to

4   time.  The Commission further objects to this request on the ground that "association of organized

5   crime with" is vague, ambiguous, and not defined.

6         The Commission further objects that until the scope of the request is determined as to its

7   appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8   and the meaning of terms, the Commission cannot conduct a diligent search and inquiry to locate

9   and identify specific potentially responsive documents and determine whether they are protected

10  from production by the attorney-client privilege, the deliberative process privilege, the official

11  information privilege, the law enforcement investigatory privilege, the confidential informant

12  privilege, the settlement privilege, the attorney work product doctrine, the common interest

13  doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14  Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15  or protection.

16  **REQUEST NO. 5:**

17        Any and all DOCUMENTS evidencing any studies or investigations that were proposed

18  or undertaken by any agency or office of the State of California of which you are aware to

19  determine whether there was any increase in crime associated with the operation of any TRIBAL

20  CASINOS.

21  **RESPONSE TO REQUEST NO. 5:**

22        The Commission objects to this request as it is not relevant to Plaintiffs' claims and

23  proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

24  admissible evidence.  To the extent that the request may seek documents such as news releases by

25  state and federal agencies, documents contained on public agency websites, or news articles,

26  Plaintiffs have equal access to those publicly available documents and ample resources to locate

27  and copy them.  *See, e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

28  Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

1  https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

2  increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

3  of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

4  sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

5  Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

6  Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

7  operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

8  as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

9  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

10  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

11  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

12  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

13  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

14  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

15  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

16  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

17  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

18          The request is not important to resolving the issues remaining in the case in that the only

19  issue remaining is the allegation that California Business and Professions Code sections 19858

20  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

21  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

22  determination of whether any indirect effects on interstate commerce impose a significant burden

23  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

24  10.)  The burden or expense of complying with the request outweighs the possible benefit to

25  resolving the case as the putative local benefits are determined by the Legislature and "in the

26  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

27  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

28  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

1    *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2    *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Commission further objects to this request on the ground that it is unlimited as to

4    time.  The Commission further objects to this request on the ground that "increase in crime

5    associated" is vague, ambiguous, not defined, and without a point of reference or period for

6    comparison.

7         The Commission further objects that until the scope of the request is determined as to its

8    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

9    and the meaning of terms, the Commission cannot conduct a diligent search and inquiry to locate

10   and identify specific potentially responsive documents and determine whether they are protected

11   from production by the attorney-client privilege, the deliberative process privilege, the official

12   information privilege, the law enforcement investigatory privilege, the confidential informant

13   privilege, the settlement privilege, the attorney work product doctrine, the common interest

14   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

15   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

16   or protection.

17   **REQUEST NO. 6:**

18        Any and all DOCUMENTS evidencing any studies or investigations that were proposed

19   or undertaken by any agency or office of the State of California of which you are aware to

20   determine whether there was any increase in crime associated with the ownership of any

21   cardrooms.

22   **RESPONSE TO REQUEST NO. 6:**

23        The Commission objects to this request as it is not relevant to Plaintiffs' claims and

24   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

25   admissible evidence.  To the extent that the request may seek documents such as news releases by

26   state and federal agencies, documents contained on public agency websites, or news articles,

27   Plaintiffs have equal access to those publicly available documents and ample resources to locate

28   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

1   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

2   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

3   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

4   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

5   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

6   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

7   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

8   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

9   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

10  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

11  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

12  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

13  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

14  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

15  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

16  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

17  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

18  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

19         The request is not important to resolving the issues remaining in the case in that the only

20  issue remaining is the allegation that California Business and Professions Code sections 19858

21  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

22  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

23  determination of whether any indirect effects on interstate commerce impose a significant burden

24  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

25  10.)  The burden or expense of complying with the request outweighs the possible benefit to

26  resolving the case as the putative local benefits are determined by the Legislature and "in the

27  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

28  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

14

1  legislation.'" *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

2  *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

3  *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

4       The Commission further objects to this request on the ground that it is unlimited as to

5  time.  The Commission further objects to this request on the ground that "increase in crime

6  associated" is vague, ambiguous, not defined, and without a point of reference or period for

7  comparison.

8       The Commission further objects that until the scope of the request is determined as to its

9  appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

10  and the meaning of terms, the Commission cannot conduct a diligent search and inquiry to locate

11  and identify specific potentially responsive documents and determine whether they are protected

12  from production by the attorney-client privilege, the deliberative process privilege, the official

13  information privilege, the law enforcement investigatory privilege, the confidential informant

14  privilege, the settlement privilege, the attorney work product doctrine, the common interest

15  doctrine, the privacy rights of others, the state prohibitions on disclosure under California

16  Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

17  or protection.

18  Dated:  February 24, 2022                    Respectfully Submitted,

19                                              ROB BONTA
                                               Attorney General of California
20                                             SARA J. DRAKE
                                               Senior Assistant Attorney General
21                                             T. MICHELLE LAIRD
                                               Supervising Deputy Attorney General
22
                                               */s/* James G. Waian
23
                                               JAMES G. WAIAN
24                                             Deputy Attorney General
                                               *Attorneys for Defendants*
25

26

27

28

Def. Cal. Gambling Control Comm'rs' Resps. to Pls.' Second Req. To Produc. Docs. and Things
(2:16-cv-02831-JAM-JDP)