# EXHIBIT B

EXHIBIT B

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   SARA J. DRAKE, State Bar No. 102565
    Senior Assistant Attorney General
3   T. MICHELLE LAIRD, State Bar No. 162979
    Supervising Deputy Attorney General
4   JAMES G. WAIAN, State Bar No. 152084
    Deputy Attorney General
5    600 West Broadway, Suite 1800
     San Diego, CA 92101
6   P.O. Box 85266
    San Diego, CA 92186-5266
7   Telephone:  (619) 738-9335
    Fax:  (619) 645-2271
8   E-mail:  James.Waian@doj.ca.gov
    *Attorneys for Defendants*

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| **ELIZABETH FLYNT, HAIG KELEGIAN, SR., and HAIG T. KELEGIAN, JR.,** | 2:16-cv-02831-JAM-JDP |
| Plaintiffs, | **DEFENDANT YOLANDA MORROW'S RESPONSES TO PLAINTIFFS' SECOND REQUEST TO PRODUCE DOCUMENTS AND THINGS** |
| v. | |
| **ROB BONTA, in his official capacity as Attorney General of the State of California; YOLANDA MORROW, in her official capacity as the Acting Director of the California Department of Justice, Bureau of Gambling Control; PAULA D. LaBRIE, in her official capacity as Chair of the California Gambling Control Commission; ERIC C. HEINS, in his official capacity as Commissioner of the California Gambling Control Commission; EDWARD YEE, in his official capacity as Commissioner of the California Gambling Control Commission; CATHLEEN GALGIANI, in her official capacity as Commissioner of the California Gambling Control Commission; WILLIAM LIU, in his official capacity as Commissioner of the California Gambling Control Commission,** | Courtroom:    6<br>Judge:           The Honorable John A.<br>                      Mendez<br>Trial Date:    November 14, 2022<br>Action Filed:  November 30, 2016 |
| Defendants. | |

1  PROPOUNDING PARTY:     Plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T.
2                         Kelegian, Jr.

3  RESPONDING PARTY:      Defendant Yolanda Morrow, in her official capacity as the Acting
                          Director of the California Department of Justice, Bureau of
4                         Gambling Control.

5  SET NUMBER:            TWO (2)

6         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Yolanda

7  Morrow, in her official capacity as the Acting Director of the California Department of Justice,

8  Bureau of Gambling Control (Bureau), hereby responds to plaintiffs Elizabeth Flynt, Haig

9  Kelegian, Sr., and Haig T. Kelegian, Jr.'s (Plaintiffs) Second Request To Produce Documents and

10 Things (Request to Produce), as follows.[1]

**PRELIMINARY STATEMENT**

11

12        This response by the Bureau is made solely for the purpose of this action, and is made

13 without waiving, or intending to waive, but, on the contrary, expressly reserving:  (a) the right to

14 object, on the grounds of competency, propriety, admissibility, privilege, relevancy, or

15 materiality, or any other proper grounds, to the use of this response, or any facts, information, or

16 documents identified herein, in whole or in part, for any purpose in this action, or in any other

17 action; (b) the right to object on any and all grounds, at any time, to other requests for admission,

18 production, interrogatories, or other discovery procedures involving or relating to the subject

19 matter of this response; and (c) the right to revise, correct, add to, or clarify any of the responses

20 provided herein.

21        The Bureau has not yet fully completed the investigation of the facts relating to this case

22 and has not yet fully completed discovery in this action.  All of the responses contained herein are

23 based solely upon information and documents that are presently available to, and specifically

24 known by, the Bureau, and disclose only those facts and legal contentions that presently occur to

25 the Bureau.  It is anticipated that further discovery, independent investigation, legal research, and

26

27        [1] While these are presented as the second set of requests to produce documents and things,
Plaintiffs have not previously propounded a set of requests to produce documents and things to
28 the Acting Director of the Bureau of Gambling Control.

1    analysis may supply additional facts and legal conclusions, and lead to additions, changes, and

2    variations from the answers provided herein.

3          The following responses are given without prejudice to the right to produce evidence or

4    witnesses that the Bureau may later discover.  The Bureau accordingly reserves the right to

5    change any and all responses herein as additional facts are ascertained, witnesses identified, and

6    legal research is completed.  The responses contained herein are made in good faith in an attempt

7    to supply as much factual information and as much specification of legal contention as is

8    presently known and should in no way prejudice the Bureau in relation to further discovery and

9    proceedings.

10                                **GENERAL OBJECTION**

11         The Bureau objects to Definition "J" in the Request to Produce, which states:

12             *These document requests shall be interpreted to refer to the time when the*
               *document was made and the present time.  Accordingly, a document that would*
13             *have been responsive to any of the below requests at the time it was made should*
               *be produced to the Propounding Parties.*
14

15   This Definition "J" is inconsistent with the phrasing of the individual document requests.  As

16   such, the Bureau disregards this Definition "J" and responds to the individual requests as they are

17   written, independent of the language in Definition "J."

18   **REQUEST NO. 1:**

19         Any and all DOCUMENTS evidencing the association of organized crime with TRIBAL

20   CASINOS.

21   **RESPONSE TO REQUEST NO. 1:**

22         The Bureau objects to this request as it is not relevant to Plaintiffs' claims and

23   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

24   admissible evidence.  To the extent that the request may seek documents such as news releases by

25   state and federal agencies, documents contained on public agency websites, or news articles,

26   Plaintiffs have equal access to those publicly available documents and ample resources to locate

27   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

28

3

Def. Yolanda Morrow's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-
02831-JAM-JDP)

1  Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

2  https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

3  increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

4  of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

5  sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

6  Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

7  Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

8  operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

9  as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

10  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

11  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

12  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

13  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

14  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

15  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

16  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

17  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

18  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

19  The request is not important to resolving the issues remaining in the case in that the only

20  issue remaining is the allegation that California Business and Professions Code sections 19858

21  and 19858.5 indirectly regulate interstate commerce. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

22  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021). That issue will be resolved based on the Court's

23  determination of whether any indirect effects on interstate commerce impose a significant burden

24  that is clearly excessive in relation to the putative local benefits of the challenged statutes. (*Id*. at

25  10.) The burden or expense of complying with the request outweighs the possible benefit to

26  resolving the case as the putative local benefits are determined by the Legislature and "in the

27  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

28  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

4

1    legislation.'" *Pac. Nw. Venison Producers v. Smith*, 20 F.3d 1008, 1017 (9th Cir. 1994)

2    (quoting *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 92 (1987)); *see also, Nat'l Paint &*

3    *Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1127 (7th Cir. 1995) (quoting *FCC v. Beach*

4    *Comm., Inc.*, 508 U.S. 307, 315 (1993)).

5          The Bureau further objects to this request on the ground that it is unlimited as to time.

6    The Bureau further objects to this request on the ground that "association of organized crime

7    with" is vague, ambiguous, and not defined.

8          The Bureau further objects that until the scope of the request is determined as to its

9    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

10   and the meaning of terms, the Bureau cannot conduct a diligent search and inquiry to locate and

11   identify specific potentially responsive documents and determine whether they are protected from

12   production by the attorney-client privilege, the deliberative process privilege, the official

13   information privilege, the law enforcement investigatory privilege, the confidential informant

14   privilege, the settlement privilege, the attorney work product doctrine, the common interest

15   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

16   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

17   or protection.

18   **REQUEST NO. 2:**

19         Any and all DOCUMENTS evidencing the association of organized crime with

20   individuals or entities who are licensed cardroom owners.

21   **RESPONSE TO REQUEST NO. 2:**

22         The Bureau objects to this request as it is not relevant to Plaintiffs' claims and

23   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

24   admissible evidence.  To the extent that the request may seek documents such as news releases by

25   state and federal agencies, documents contained on public agency websites, or news articles,

26   Plaintiffs have equal access to those publicly available documents and ample resources to locate

27   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

28   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

5

Def. Yolanda Morrow's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-02831-JAM-JDP)

1  https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

2  increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

3  of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

4  sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

5  Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

6  Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

7  operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

8  as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

9  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

10 gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

11 (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

12 xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

13 (organized crime and the sale of Bicycle Casino) (July 30, 1996)

14 https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

15 Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

16 01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

17 https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

18      The request is not important to resolving the issues remaining in the case in that the only

19 issue remaining is the allegation that California Business and Professions Code sections 19858

20 and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

21 JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

22 determination of whether any indirect effects on interstate commerce impose a significant burden

23 that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

24 10.)  The burden or expense of complying with the request outweighs the possible benefit to

25 resolving the case as the putative local benefits are determined by the Legislature and "in the

26 context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

27 courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

28 legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

6

Def. Yolanda Morrow's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-
02831-JAM-JDP)

1    *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2    *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Bureau further objects to this request on the ground that it is unlimited as to time.

4    The Bureau further objects to this request on the ground that "association of organized crime

5    with" is vague, ambiguous, and not defined.

6         The Bureau further objects that until the scope of the request is determined as to its

7    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8    and the meaning of terms, the Bureau cannot conduct a diligent search and inquiry to locate and

9    identify specific potentially responsive documents and determine whether they are protected from

10    production by the attorney-client privilege, the deliberative process privilege, the official

11    information privilege, the law enforcement investigatory privilege, the confidential informant

12    privilege, the settlement privilege, the attorney work product doctrine, the common interest

13    doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14    Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15    or protection.

16    **REQUEST NO. 3:**

17         Any and all DOCUMENTS evidencing any studies or investigations that were proposed

18    or undertaken by any agency or office of the State of California of which you are aware

19    concerning the association of organized crime with TRIBAL CASINOS.

20    **RESPONSE TO REQUEST NO. 3:**

21         The Bureau objects to this request as it is not relevant to Plaintiffs' claims and

22    proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

23    admissible evidence.  To the extent that the request may seek documents such as news releases by

24    state and federal agencies, documents contained on public agency websites, or news articles,

25    Plaintiffs have equal access to those publicly available documents and ample resources to locate

26    and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

27    Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

28    https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

1    increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

2    of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

3    sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

4    Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

5    Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

6    operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

7    as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

8    https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

9    gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

10   (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

11   xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

12   (organized crime and the sale of Bicycle Casino) (July 30, 1996)

13   https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

14   Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

15   01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

16   https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

17          The request is not important to resolving the issues remaining in the case in that the only

18   issue remaining is the allegation that California Business and Professions Code sections 19858

19   and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

20   JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

21   determination of whether any indirect effects on interstate commerce impose a significant burden

22   that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

23   10.)  The burden or expense of complying with the request outweighs the possible benefit to

24   resolving the case as the putative local benefits are determined by the Legislature and "in the

25   context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

26   courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

27   legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

28

Def. Yolanda Morrow's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-
02831-JAM-JDP)

1    *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2    *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Bureau further objects to this request on the ground that it is unlimited as to time.

4    The Bureau further objects to this request on the ground that "association of organized crime

5    with" is vague, ambiguous, and not defined.

6         The Bureau further objects that until the scope of the request is determined as to its

7    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8    and the meaning of terms, the Bureau cannot conduct a diligent search and inquiry to locate and

9    identify specific potentially responsive documents and determine whether they are protected from

10   production by the attorney-client privilege, the deliberative process privilege, the official

11   information privilege, the law enforcement investigatory privilege, the confidential informant

12   privilege, the settlement privilege, the attorney work product doctrine, the common interest

13   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15   or protection.

16   **REQUEST NO. 4:**

17        Any and all DOCUMENTS evidencing any studies or investigations that were proposed

18   or undertaken by any agency or office of the State of California of which you are aware

19   concerning the association of organized crime with cardroom ownership.

20   **RESPONSE TO REQUEST NO. 4:**

21        The Bureau objects to this request as it is not relevant to Plaintiffs' claims and

22   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

23   admissible evidence.  To the extent that the request may seek documents such as news releases by

24   state and federal agencies, documents contained on public agency websites, or news articles,

25   Plaintiffs have equal access to those publicly available documents and ample resources to locate

26   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

27   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

28   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

9

1   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

2   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

3   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

4   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

5   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

6   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

7   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

8   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

9   gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

10  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

11  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

12  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

13  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

14  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

15  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

16  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

17          The request is not important to resolving the issues remaining in the case in that the only

18  issue remaining is the allegation that California Business and Professions Code sections 19858

19  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

20  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

21  determination of whether any indirect effects on interstate commerce impose a significant burden

22  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

23  10.)  The burden or expense of complying with the request outweighs the possible benefit to

24  resolving the case as the putative local benefits are determined by the Legislature and "in the

25  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

26  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

27  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

28

10

1    *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2    *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Bureau further objects to this request on the ground that it is unlimited as to time.

4    The Bureau further objects to this request on the ground that "association of organized crime

5    with" is vague, ambiguous, and not defined.

6         The Bureau further objects that until the scope of the request is determined as to its

7    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8    and the meaning of terms, the Bureau cannot conduct a diligent search and inquiry to locate and

9    identify specific potentially responsive documents and determine whether they are protected from

10   production by the attorney-client privilege, the deliberative process privilege, the official

11   information privilege, the law enforcement investigatory privilege, the confidential informant

12   privilege, the settlement privilege, the attorney work product doctrine, the common interest

13   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15   or protection.

16   **REQUEST NO. 5:**

17        Any and all DOCUMENTS evidencing any studies or investigations that were proposed

18   or undertaken by any agency or office of the State of California of which you are aware to

19   determine whether there was any increase in crime associated with the operation of any TRIBAL

20   CASINOS.

21   **RESPONSE TO REQUEST NO. 5:**

22        The Bureau objects to this request as it is not relevant to Plaintiffs' claims and

23   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

24   admissible evidence.  To the extent that the request may seek documents such as news releases by

25   state and federal agencies, documents contained on public agency websites, or news articles,

26   Plaintiffs have equal access to those publicly available documents and ample resources to locate

27   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

28   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

1   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

2   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

3   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

4   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

5   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

6   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

7   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

8   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

9   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

10  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

11  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

12  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

13  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

14  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

15  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

16  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

17  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

18          The request is not important to resolving the issues remaining in the case in that the only

19  issue remaining is the allegation that California Business and Professions Code sections 19858

20  and 19858.5 indirectly regulate interstate commerce. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

21  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

22  determination of whether any indirect effects on interstate commerce impose a significant burden

23  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

24  10.)  The burden or expense of complying with the request outweighs the possible benefit to

25  resolving the case as the putative local benefits are determined by the Legislature and "in the

26  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

27  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

28  legislation.'" *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

1    *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2    *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3          The Bureau further objects to this request on the ground that it is unlimited as to time.

4    The Bureau further objects to this request on the ground that "increase in crime associated" is

5    vague, ambiguous, not defined, and without a point of reference or period for comparison.

6          The Bureau further objects that until the scope of the request is determined as to its

7    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8    and the meaning of terms, the Bureau cannot conduct a diligent search and inquiry to locate and

9    identify specific potentially responsive documents and determine whether they are protected from

10   production by the attorney-client privilege, the deliberative process privilege, the official

11   information privilege, the law enforcement investigatory privilege, the confidential informant

12   privilege, the settlement privilege, the attorney work product doctrine, the common interest

13   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15   or protection.

16   **REQUEST NO. 6:**

17         Any and all DOCUMENTS evidencing any studies or investigations that were proposed

18   or undertaken by any agency or office of the State of California of which you are aware to

19   determine whether there was any increase in crime associated with the ownership of any

20   cardrooms.

21   **RESPONSE TO REQUEST NO. 6:**

22         The Bureau objects to this request as it is not relevant to Plaintiffs' claims and

23   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

24   admissible evidence.  To the extent that the request may seek documents such as news releases by

25   state and federal agencies, documents contained on public agency websites, or news articles,

26   Plaintiffs have equal access to those publicly available documents and ample resources to locate

27   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

28   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

1   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

2   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

3   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

4   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

5   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

6   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

7   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

8   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

9   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

10  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

11  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

12  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

13  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

14  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

15  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

16  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

17  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

18          The request is not important to resolving the issues remaining in the case in that the only

19  issue remaining is the allegation that California Business and Professions Code sections 19858

20  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

21  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

22  determination of whether any indirect effects on interstate commerce impose a significant burden

23  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

24  10.)  The burden or expense of complying with the request outweighs the possible benefit to

25  resolving the case as the putative local benefits are determined by the Legislature and "in the

26  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

27  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

28  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

1    *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2    *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3         The Bureau further objects to this request on the ground that it is unlimited as to time.

4    The Bureau further objects to this request on the ground that "increase in crime associated" is

5    vague, ambiguous, not defined, and without a point of reference or period for comparison.

6         The Bureau further objects that until the scope of the request is determined as to its

7    appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8    and the meaning of terms, the Bureau cannot conduct a diligent search and inquiry to locate and

9    identify specific potentially responsive documents and determine whether they are protected from

10   production by the attorney-client privilege, the deliberative process privilege, the official

11   information privilege, the law enforcement investigatory privilege, the confidential informant

12   privilege, the settlement privilege, the attorney work product doctrine, the common interest

13   doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15   or protection.

16   Dated:  February 24, 2022                  Respectfully Submitted,

17                                              ROB BONTA
                                                Attorney General of California
18                                              SARA J. DRAKE
                                                Senior Assistant Attorney General
19                                              T. MICHELLE LAIRD
                                                Supervising Deputy Attorney General
20
21                                              */s/* James G. Waian

22                                              JAMES G. WAIAN
                                                Deputy Attorney General
23                                              *Attorneys for Defendants*

24

25

26

27

28

Def. Yolanda Morrow's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-
02831-JAM-JDP)