# EXHIBIT C

# EXHIBIT C

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  SARA J. DRAKE, State Bar No. 102565
   Senior Assistant Attorney General
3  T. MICHELLE LAIRD, State Bar No. 162979
   Supervising Deputy Attorney General
4  JAMES G. WAIAN, State Bar No. 152084
   Deputy Attorney General
5    600 West Broadway, Suite 1800
     San Diego, CA 92101
6    P.O. Box 85266
     San Diego, CA 92186-5266
7    Telephone:  (619) 738-9335
     Fax:  (619) 645-2271
8    E-mail:  James.Waian@doj.ca.gov
   *Attorneys for Defendants*
9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

14

15  **ELIZABETH FLYNT, HAIG KELEGIAN, SR., and HAIG T. KELEGIAN, JR.,**           2:16-cv-02831-JAM-JDP

16                                    Plaintiffs,     **DEFENDANT ROB BONTA'S RESPONSES TO PLAINTIFFS' SECOND REQUEST TO PRODUCE DOCUMENTS AND THINGS**

17        **v.**

18  **ROB BONTA, in his official capacity as**        Courtroom:    6
    **Attorney General of the State of California;**  Judge:        The Honorable John A.
19  **YOLANDA MORROW, in her official**                              Mendez
    **capacity as the Acting Director of the**        Trial Date:   November 14, 2022
20  **California Department of Justice, Bureau of**   Action Filed:  November 30, 2016
    **Gambling Control; PAULA D. LaBRIE, in**
21  **her official capacity as Chair of the**
    **California Gambling Control Commission;**
22  **ERIC C. HEINS, in his official capacity as**
    **Commissioner of the California Gambling**
23  **Control Commission; EDWARD YEE, in**
    **his official capacity as Commissioner of the**
24  **California Gambling Control Commission;**
    **CATHLEEN GALGIANI, in her official**
25  **capacity as Commissioner of the California**
    **Gambling Control Commission; WILLIAM**
26  **LIU, in his official capacity as**
    **Commissioner of the California Gambling**
27  **Control Commission,**

28                                    Defendants.

                                        1

PROPOUNDING PARTY:   Plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr.

RESPONDING PARTY:   Defendant Rob Bonta, in his official capacity as Attorney General of the State of California.

SET NUMBER:   TWO (2)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Rob Bonta, in his official capacity as Attorney General of the State of California (Attorney General), hereby responds to plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr.'s (Plaintiffs) Second Request To Produce Documents and Things (Request to Produce), as follows.[1]

## PRELIMINARY STATEMENT

This response by the Attorney General is made solely for the purpose of this action, and is made without waiving, or intending to waive, but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, propriety, admissibility, privilege, relevancy, or materiality, or any other proper grounds, to the use of this response, or any facts, information, or documents identified herein, in whole or in part, for any purpose in this action, or in any other action; (b) the right to object on any and all grounds, at any time, to other requests for admission, production, interrogatories, or other discovery procedures involving or relating to the subject matter of this response; and (c) the right to revise, correct, add to, or clarify any of the responses provided herein.

The Attorney General has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action.  All of the responses contained herein are based solely upon information and documents that are presently available to, and specifically known by, the Attorney General, and disclose only those facts and legal contentions that presently occur to the Attorney General.  It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and legal conclusions, and lead to additions, changes, and variations from the answers provided herein.

---

[1] While these are presented as the second set of requests to produce documents and things, Plaintiffs have not previously propounded a set of requests to produce documents and things to the Attorney General.

Def. Rob Bonta's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-02831-JAM-JDP)

1        The following responses are given without prejudice to the right to produce evidence or

2   witnesses that the Attorney General may later discover.  The Attorney General accordingly

3   reserves the right to change any and all responses herein as additional facts are ascertained,

4   witnesses identified, and legal research is completed.  The responses contained herein are made in

5   good faith in an attempt to supply as much factual information and as much specification of legal

6   contention as is presently known and should in no way prejudice the Attorney General in relation

7   to further discovery and proceedings.

8   **GENERAL OBJECTION**

9        The Attorney General objects to Definition "J" in the Request to Produce, which states:

10
11   > *These document requests shall be interpreted to refer to the time when the*
> *document was made and the present time.  Accordingly, a document that would*
> *have been responsive to any of the below requests at the time it was made should*
> *be produced to the Propounding Parties.*
12

13   This Definition "J" is inconsistent with the phrasing of the individual document requests.  As

14   such, the Attorney General disregards this Definition "J" and responds to the individual requests

15   as they are written, independent of the language in Definition "J."

16   **REQUEST NO. 1:**

17        Any and all DOCUMENTS evidencing the association of organized crime with TRIBAL

18   CASINOS.

19   **RESPONSE TO REQUEST NO. 1:**

20        The Attorney General objects to this request as it is not relevant to Plaintiffs' claims and

21   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

22   admissible evidence.  To the extent that the request may seek documents such as news releases by

23   state and federal agencies, documents contained on public agency websites, or news articles,

24   Plaintiffs have equal access to those publicly available documents and ample resources to locate

25   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

26   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

27   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

28

3

increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card; Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015) https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million (organized crime and the sale of Bicycle Casino) (July 30, 1996) https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010) https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

The request is not important to resolving the issues remaining in the case in that the only issue remaining is the allegation that California Business and Professions Code sections 19858 and 19858.5 indirectly regulate interstate commerce. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021). That issue will be resolved based on the Court's determination of whether any indirect effects on interstate commerce impose a significant burden that is clearly excessive in relation to the putative local benefits of the challenged statutes. (*Id.* at 10.) The burden or expense of complying with the request outweighs the possible benefit to resolving the case as the putative local benefits are determined by the Legislature and "in the context of dormant commerce clause analysis, the Supreme Court has frequently admonished that courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of legislation.'" *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1017 (9th Cir. 1994) (quoting *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 92 (1987)); *see also, Nat'l Paint &*

4

1   *Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1127 (7th Cir. 1995) (quoting *FCC v. Beach*

2   *Comm., Inc.*, 508 U.S. 307, 315 (1993)).

3       The Attorney General further objects to this request on the ground that it is unlimited as to

4   time.  The Attorney General further objects to this request on the ground that "association of

5   organized crime with" is vague, ambiguous, and not defined.

6       The Attorney General further objects that until the scope of the request is determined as to

7   its appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

8   and the meaning of terms, the Attorney General cannot conduct a diligent search and inquiry to

9   locate and identify specific potentially responsive documents and determine whether they are

10  protected from production by the attorney-client privilege, the deliberative process privilege, the

11  official information privilege, the law enforcement investigatory privilege, the confidential

12  informant privilege, the settlement privilege, the attorney work product doctrine, the common

13  interest doctrine, the privacy rights of others, the state prohibitions on disclosure under California

14  Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

15  or protection.

16  **REQUEST NO. 2:**

17      Any and all DOCUMENTS evidencing the association of organized crime with

18  individuals or entities who are licensed cardroom owners.

19  **RESPONSE TO REQUEST NO. 2:**

20      The Attorney General objects to this request as it is not relevant to Plaintiffs' claims and

21  proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

22  admissible evidence.  To the extent that the request may seek documents such as news releases by

23  state and federal agencies, documents contained on public agency websites, or news articles,

24  Plaintiffs have equal access to those publicly available documents and ample resources to locate

25  and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

26  Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

27  https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

28  increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

5

Def. Rob Bonta's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-02831-JAM-JDP)

1   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

2   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

3   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

4   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

5   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

6   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

7   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

8   gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

9   (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

10  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

11  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

12  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

13  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

14  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

15  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

16          The request is not important to resolving the issues remaining in the case in that the only

17  issue remaining is the allegation that California Business and Professions Code sections 19858

18  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

19  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

20  determination of whether any indirect effects on interstate commerce impose a significant burden

21  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

22  10.)  The burden or expense of complying with the request outweighs the possible benefit to

23  resolving the case as the putative local benefits are determined by the Legislature and "in the

24  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

25  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

26  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.

27  Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of

28  Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

6

1  The Attorney General further objects to this request on the ground that it is unlimited as to

2  time.  The Attorney General further objects to this request on the ground that "association of

3  organized crime with" is vague, ambiguous, and not defined.

4  The Attorney General further objects that until the scope of the request is determined as to

5  its appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

6  and the meaning of terms, the Attorney General cannot conduct a diligent search and inquiry to

7  locate and identify specific potentially responsive documents and determine whether they are

8  protected from production by the attorney-client privilege, the deliberative process privilege, the

9  official information privilege, the law enforcement investigatory privilege, the confidential

10  informant privilege, the settlement privilege, the attorney work product doctrine, the common

11  interest doctrine, the privacy rights of others, the state prohibitions on disclosure under California

12  Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

13  or protection.

14  **REQUEST NO. 3:**

15  Any and all DOCUMENTS evidencing any studies or investigations that were proposed

16  or undertaken by any agency or office of the State of California of which you are aware

17  concerning the association of organized crime with TRIBAL CASINOS.

18  **RESPONSE TO REQUEST NO. 3:**

19  The Attorney General objects to this request as it is not relevant to Plaintiffs' claims and

20  proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

21  admissible evidence.  To the extent that the request may seek documents such as news releases by

22  state and federal agencies, documents contained on public agency websites, or news articles,

23  Plaintiffs have equal access to those publicly available documents and ample resources to locate

24  and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

25  Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

26  https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

27  increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

28  of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

7

1  sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

2  Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

3  Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

4  operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

5  as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

6  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

7  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

8  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

9  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

10  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

11  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

12  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

13  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

14  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

15  The request is not important to resolving the issues remaining in the case in that the only

16  issue remaining is the allegation that California Business and Professions Code sections 19858

17  and 19858.5 indirectly regulate interstate commerce. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

18  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

19  determination of whether any indirect effects on interstate commerce impose a significant burden

20  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

21  10.)  The burden or expense of complying with the request outweighs the possible benefit to

22  resolving the case as the putative local benefits are determined by the Legislature and "in the

23  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

24  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

25  legislation.'" *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.

26  Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of

27  Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

28

1    The Attorney General further objects to this request on the ground that it is unlimited as to

2    time.  The Attorney General further objects to this request on the ground that "association of

3    organized crime with" is vague, ambiguous, and not defined.

4    The Attorney General further objects that until the scope of the request is determined as to

5    its appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

6    and the meaning of terms, the Attorney General cannot conduct a diligent search and inquiry to

7    locate and identify specific potentially responsive documents and determine whether they are

8    protected from production by the attorney-client privilege, the deliberative process privilege, the

9    official information privilege, the law enforcement investigatory privilege, the confidential

10   informant privilege, the settlement privilege, the attorney work product doctrine, the common

11   interest doctrine, the privacy rights of others, the state prohibitions on disclosure under California

12   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

13   or protection.

14   **REQUEST NO. 4:**

15   Any and all DOCUMENTS evidencing any studies or investigations that were proposed

16   or undertaken by any agency or office of the State of California of which you are aware

17   concerning the association of organized crime with cardroom ownership.

18   **RESPONSE TO REQUEST NO. 4:**

19   The Attorney General objects to this request as it is not relevant to Plaintiffs' claims and

20   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

21   admissible evidence.  To the extent that the request may seek documents such as news releases by

22   state and federal agencies, documents contained on public agency websites, or news articles,

23   Plaintiffs have equal access to those publicly available documents and ample resources to locate

24   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

25   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

26   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

27   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

28   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

1   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

2   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

3   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

4   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

5   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

6   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

7   gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

8   (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

9   xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

10   (organized crime and the sale of Bicycle Casino) (July 30, 1996)

11   https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

12   Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

13   01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

14   https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

15         The request is not important to resolving the issues remaining in the case in that the only

16   issue remaining is the allegation that California Business and Professions Code sections 19858

17   and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

18   JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

19   determination of whether any indirect effects on interstate commerce impose a significant burden

20   that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

21   10.)  The burden or expense of complying with the request outweighs the possible benefit to

22   resolving the case as the putative local benefits are determined by the Legislature and "in the

23   context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

24   courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

25   legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.

26   Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of

27   Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

28

1    The Attorney General further objects to this request on the ground that it is unlimited as to

2    time.  The Attorney General further objects to this request on the ground that "association of

3    organized crime with" is vague, ambiguous, and not defined.

4    The Attorney General further objects that until the scope of the request is determined as to

5    its appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

6    and the meaning of terms, the Attorney General cannot conduct a diligent search and inquiry to

7    locate and identify specific potentially responsive documents and determine whether they are

8    protected from production by the attorney-client privilege, the deliberative process privilege, the

9    official information privilege, the law enforcement investigatory privilege, the confidential

10   informant privilege, the settlement privilege, the attorney work product doctrine, the common

11   interest doctrine, the privacy rights of others, the state prohibitions on disclosure under California

12   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

13   or protection.

14   **REQUEST NO. 5:**

15   Any and all DOCUMENTS evidencing any studies or investigations that were proposed

16   or undertaken by any agency or office of the State of California of which you are aware to

17   determine whether there was any increase in crime associated with the operation of any TRIBAL

18   CASINOS.

19   **RESPONSE TO REQUEST NO. 5:**

20   The Attorney General objects to this request as it is not relevant to Plaintiffs' claims and

21   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

22   admissible evidence.  To the extent that the request may seek documents such as news releases by

23   state and federal agencies, documents contained on public agency websites, or news articles,

24   Plaintiffs have equal access to those publicly available documents and ample resources to locate

25   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

26   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

27   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

28   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

1  of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

2  sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

3  Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

4  Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

5  operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

6  as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

7  https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

8  gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

9  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

10  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

11  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

12  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

13  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

14  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

15  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

16  　　　The request is not important to resolving the issues remaining in the case in that the only

17  issue remaining is the allegation that California Business and Professions Code sections 19858

18  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

19  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

20  determination of whether any indirect effects on interstate commerce impose a significant burden

21  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id.* at

22  10.)  The burden or expense of complying with the request outweighs the possible benefit to

23  resolving the case as the putative local benefits are determined by the Legislature and "in the

24  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

25  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

26  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.

27  Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of

28  Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

12

1    The Attorney General further objects to this request on the ground that it is unlimited as to

2    time.  The Attorney General further objects to this request on the ground that "increase in crime

3    associated" is vague, ambiguous, not defined, and without a point of reference or period for

4    comparison.

5    The Attorney General further objects that until the scope of the request is determined as to

6    its appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

7    and the meaning of terms, the Attorney General cannot conduct a diligent search and inquiry to

8    locate and identify specific potentially responsive documents and determine whether they are

9    protected from production by the attorney-client privilege, the deliberative process privilege, the

10   official information privilege, the law enforcement investigatory privilege, the confidential

11   informant privilege, the settlement privilege, the attorney work product doctrine, the common

12   interest doctrine, the privacy rights of others, the state prohibitions on disclosure under California

13   Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

14   or protection.

15   **REQUEST NO. 6:**

16   Any and all DOCUMENTS evidencing any studies or investigations that were proposed

17   or undertaken by any agency or office of the State of California of which you are aware to

18   determine whether there was any increase in crime associated with the ownership of any

19   cardrooms.

20   **RESPONSE TO REQUEST NO. 6:**

21   The Attorney General objects to this request as it is not relevant to Plaintiffs' claims and

22   proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of

23   admissible evidence.  To the extent that the request may seek documents such as news releases by

24   state and federal agencies, documents contained on public agency websites, or news articles,

25   Plaintiffs have equal access to those publicly available documents and ample resources to locate

26   and copy them.  *See*, *e.g.*, Bicycle Casino Agrees to Pay $500,000 Settlement and Submit to

27   Increased Review of Anti-Money Laundering Compliance Program (Nov. 5, 2021)

28   https://www.justice.gov/usao-cdca/pr/bicycle-casino-agrees-pay-500000-settlement-and-submit-

1   increased-review-anti-money; Fourteen Men Charged in Illegal Gambling Operation Based Out

2   of Lucky Lady Casino and Card Room (Jul. 27, 2016) https://www.justice.gov/usao-

3   sdca/pr/fourteen-men-charged-illegal-gambling-operation-based-out-lucky-lady-casino-and-card;

4   Normandie Casino Operator Agrees to Plead Guilty to Federal Charges of Violating Anti-Money

5   Laundering Statutes (Jan. 22, 2016) https://www.justice.gov/usao-cdca/pr/normandie-casino-

6   operator-agrees-plead-guilty-federal-felony-charges-violating-anti; Twenty Five People Charged

7   as Members of $10 Million Illegal Gambling and Money Laundering Operation (Dec. 9, 2015)

8   https://www.justice.gov/usao-sdca/pr/twenty-five-people-charged-members-10-million-illegal-

9   gambling-and-money-laundering; Miami Trial Gives Startling New Portrait of Sam Gilbert

10  (Bicycle Casino drug money and seizure) (Apr. 23, 1990) https://www.latimes.com/archives/la-

11  xpm-1990-04-23-mn-107-story.html; U.S. to Sell Share of Bicycle Casino for $25 Million

12  (organized crime and the sale of Bicycle Casino) (July 30, 1996)

13  https://www.latimes.com/archives/la-xpm-1996-07-30-me-29484-story.html; Bell Reforms

14  Aimed at Poker Club Corruption (Jan. 3, 1985) https://www.latimes.com/archives/la-xpm-1985-

15  01-03-hl-11350-story.html; Ex-Soboba Chair Admits Taking Bribes (Oct. 6, 2010)

16  https://www.pe.com/2010/10/06/ex-soboba-chair-admits-taking-bribes/.

17          The request is not important to resolving the issues remaining in the case in that the only

18  issue remaining is the allegation that California Business and Professions Code sections 19858

19  and 19858.5 indirectly regulate interstate commerce.  *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-

20  JDP, slip. op. at 10-11 (E.D. Cal. Jan. 14, 2021).  That issue will be resolved based on the Court's

21  determination of whether any indirect effects on interstate commerce impose a significant burden

22  that is clearly excessive in relation to the putative local benefits of the challenged statutes.  (*Id*. at

23  10.)  The burden or expense of complying with the request outweighs the possible benefit to

24  resolving the case as the putative local benefits are determined by the Legislature and "in the

25  context of dormant commerce clause analysis, the Supreme Court has frequently admonished that

26  courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of

27  legislation.'"  *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d at 1017 (quoting *CTS Corp. v.*

28

Def. Rob Bonta's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-02831-
JAM-JDP)

1  *Dynamics Corp. of Am.*, 481 U.S. at 92); *see also, Nat'l Paint & Coatings Ass'n v. City of*

2  *Chicago*, 45 F.3d at 1127 (quoting *FCC v. Beach Comm., Inc.*, 508 U.S. at 315).

3        The Attorney General further objects to this request on the ground that it is unlimited as to

4  time.  The Attorney General further objects to this request on the ground that "increase in crime

5  associated" is vague, ambiguous, not defined, and without a point of reference or period for

6  comparison.

7        The Attorney General further objects that until the scope of the request is determined as to

8  its appropriateness under Rule 26(b)(1), Federal Rules of Civil Procedure, applicable time period,

9  and the meaning of terms, the Attorney General cannot conduct a diligent search and inquiry to

10  locate and identify specific potentially responsive documents and determine whether they are

11  protected from production by the attorney-client privilege, the deliberative process privilege, the

12  official information privilege, the law enforcement investigatory privilege, the confidential

13  informant privilege, the settlement privilege, the attorney work product doctrine, the common

14  interest doctrine, the privacy rights of others, the state prohibitions on disclosure under California

15  Business and Professions Code sections 19821(d) and 19828, and any other applicable privilege

16  or protection.

17  Dated:  February 24, 2022                    Respectfully Submitted,

18                                               ROB BONTA
                                                 Attorney General of California
19                                               SARA J. DRAKE
                                                 Senior Assistant Attorney General
20                                               T. MICHELLE LAIRD
                                                 Supervising Deputy Attorney General
21
22                                               */s/* James G. Waian

23                                               JAMES G. WAIAN
                                                 Deputy Attorney General
24                                               *Attorneys for Defendants*

25

26

27

28

Def. Rob Bonta's Resps. to Pls.' Second Req. To Produc. Docs. and Things (2:16-cv-02831-JAM-JDP)