PAUL J. CAMBRIA, JR., State Bar No. 177957
ERIN E. MCCAMPBELL (*pro hac vice*)
   pcambria@lglaw.com
   emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
Telephone: (716) 849-1333
Fax: (716) 855-1580
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLYNT, HAIG KELEGIAN, SR., and HAIG T. KELEGIAN, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; YOLANDA MORROW, in her official capacity as the Acting Director of the California Department of Justice, Bureau of Gambling Control; PAULA D. LaBRIE, in her official capacity as Chair of the California Gambling Control Commission; ERIC C. HEINS, in his official capacity as Commissioner of the California Gambling Control Commission; EDWARD YEE, in his official capacity as Commissioner of the California Gambling Control Commission; CATHLEEN GALGIANI, in her official capacity as Commissioner of the California Gambling Control Commission; WILLIAM LIU, in his official capacity as Commissioner of the California Gambling Control Commission,<br><br>Defendants. | 2:16-cv-02831-JAM-JDP<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, DECLARATORY JUDGMENT, PERMANENT INJUNCTION**<br><br>Courtroom:  6<br>Judge:  The Honorable John A. Mendez<br>Trial Date:  November 14, 2022<br>Action Filed:  November 30, 2016 |

1

Plaintiffs Elizabeth Flynt ("Flynt"), Haig Kelegian, Sr. ("Kelegian, Sr."), and Haig T. Kelegian, Jr. ("Kelegian, Jr.") ("Plaintiffs") respectfully request that this Court take judicial notice of the following documents pursuant to Rule 201 of the Federal Rules of Evidence:

1. The Milton Marks Commission on California Government and Economy ("Little Hoover Commission") report entitled *Card Clubs in California: A Review of Ownership Limitations* (April 2002) ("Little Hoover Report"), available at https://lhc.ca.gov/sites/lhc.ca.gov/files/Reports/163/Report163.pdf. A true and correct copy of the Little Hoover Report is attached hereto as **Exhibit G**.

2. The April 29, 2002 Letter from Michael Alpert, Chairman of the Little Hoover Commission, to Governor Gray Davis and Members of the California Legislature transmitting the Little Hoover Report to those recipients ("Alpert Letter"), available at https://lhc.ca.gov/sites/lhc.ca.gov/files/Reports/163/Report163.pdf. A true and correct copy of the Alpert Letter is attached hereto as **Exhibit H**.

3. The California Gambling Control Commission list of Tribal Casino Locations dated February 16, 2022 ("CGCC Casino List"), available at http://www.cgcc.ca.gov/documents/Tribal/2022/List_of-Casinos_alpha_by_casino_name.pdf. A true and correct copy of the CGCC Casino List is attached hereto as **Exhibit I**.

4. The September 30, 2016 letter from then-Governor Edmund G. Brown, Jr. vetoing Assembly Bill 2218 ("Brown Veto"). A true and correct copy of the Brown Veto is attached hereto as **Exhibit J**.

5. The June 12, 2014 Decision and Order of the California Gambling Control Commission (effective July 14, 2014) resolving a complaint against Haig Kelegian, Jr. ("Kelegian Decision"), available at: http://www.cgcc.ca.gov/documents/adminactions/pending/12216000002_document.pdf. A true and correct copy of the Kelegian Decision is attached hereto as **Exhibit K**.

6. Relevant portions of the predecessor gambling regulations to the Gambling Control Act, commonly referred to as the Gaming Registration Act, Stat. 1983, c. 721, § 2 (1983) ("GRA"). A true and correct copy of the GRA is attached hereto as **Exhibit L**.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

"Judicial notice" is the court's recognition of the existence of a fact without the necessity of formal proof. *See United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981); *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). Facts proper for judicial notice are those facts not subject to reasonable dispute and either "generally known" in the community, or "capable of accurate and ready determination" by reference to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Exhibits G-K are matters of public record, prepared by public officials or agencies, in their official capacity. Courts routinely take judicial notice of "matters of public record, having been prepared and made public by official government agencies." *Comm. to Protect Our Agri. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1152-53 (E.D. Cal. Jan. 20, 2017) (taking judicial notice of reports prepared by California governmental agencies, a letter authored by a California government employee, a press release from a former California Governor).

Further, courts regularly take judicial notice of information contained on government websites such as Exhibits G, H, I, and K. *See Daniels Hall v. Nat'l Educ. Assoc.*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on government websites because it is appropriate to take notice of such information when "made publicly available by government entities . . . and neither party disputes the authenticity of the web sites or the accuracy of the information displayed"); *accord Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (recognizing that courts may take judicial notice of information on government agency websites); *California v. Santa Cruz*, 2006 WL 3086706, at *3 n.3 (N.D. Cal. Oct. 30, 2006) (taking judicial notice of a checklist found on the Department of Justice's website); *Pioneer Military Lending, Inc. v. Dufauchard*, 2006 WL 2053486, at *13 (E.D. Cal. July 21, 2006) ("The court may take judicial notice of information contained on the Department of Financial Institution's . . . website."); *see also United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (concluding that district court properly took judicial notice of the federally insured status of a bank found in an F.D.I.C. record).

Courts routinely take judicial notice of statutes and legislative histories, such as Exhibit L. *See, e.g.*, *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (granting appellant's request to take judicial notice of legislative history of a state statute).

Dated:  April 22, 2022                              Respectfully Submitted,

                                                                        LIPSITZ GREEN SCIME CAMBRIA LLP

                                                                        By:   /s/ Paul Cambria
                                                                                Paul J. Cambria, Jr.
                                                                                Erin McCampbell Paris

                                                                        *Attorneys for Plaintiffs*