# EXHIBIT L

# EXHIBIT L

# Volume 2

# STATUTES OF CALIFORNIA

### AND DIGESTS OF MEASURES

## 1983

Constitution of 1879 as Amended

General Laws, Amendments to the Codes, Resolutions, and Constitutional Amendments passed by the California Legislature

## 1983–84 Regular Session
## 1983–84 First Extraordinary Session



*Compiled by*
**BION M. GREGORY**
*Legislative Counsel*

by law for ordinances of cities.

(3) Prior to adopting an ordinance authorizing a lease, the governing body shall hold a public hearing. Notice of the time and place of the hearing shall be published pursuant to Section 6066 in one or more newspapers of general circulation within the city, and shall be mailed to any person requesting special notice, to any present tenant of the public property, and to all owners of land adjoining the property.

(4) Any lease shall be awarded to the bidder which, in the determination of the legislative body, offers the greatest economic return to the city, after competitive bidding conducted in the manner determined by the legislative body. Notice inviting bids shall be published pursuant to Section 6066 in one or more newspapers of general circulation within the city.

The provisions of paragraphs (2), (3), and (4) do not apply to any charter city, which may utilize a procedure as specified by charter or adopted by ordinance in accordance with its charter.

## CHAPTER 721

An act to amend Section 476 of, and to add Chapter 5 (commencing with Section 19800) to Division 8 of, the Business and Professions Code, relating to gaming clubs.

[Approved by Governor September 9, 1983. Filed with Secretary of State September 11, 1983 ]

*The people of the State of California do enact as follows:*

SECTION 1. Section 476 of the Business and Professions Code is amended to read:

476. Nothing in this division shall apply to the licensure or registration of persons pursuant to Chapter 4 (commencing with Section 6000) of Division 3, or pursuant to Division 9 (commencing with Section 23000) or pursuant to Chapter 5 (commencing with Section 19800) of Division 8.

SEC. 2. Chapter 5 (commencing with Section 19800) is added to Division 8 of the Business and Professions Code, to read:

### CHAPTER 5.  GAMING CLUBS

19800. This chapter may be cited as "The Gaming Registration Act."

19801. It is the intent of the Legislature, in enacting this chapter to have concurrent jurisdiction with local governments over gaming establishments within the State of California and to provide uniform minimum regulation of the operation of those establishments through registration by the Attorney General of those who own or manage gaming clubs.

Nothing in this chapter shall be construed to preempt the authority of any city, county, and city and county from prohibiting gaming, from imposing any valid local controls or conditions upon gaming, from inspecting gaming premises to enforce applicable state and local laws, or from imposing any local tax or license fee.

19802. As used in this chapter:

(a) "Legal gambling or gaming" means any card game played for currency, check, credit or other thing of value which is not prohibited and made unlawful by Chapter 9 (commencing with Section 319) or Chapter 10 (commencing with Section 330) of Title 9 of Part 1 of the Penal Coe or by local ordinance.

(b) "Gaming club" means any establishment where legal gambling is conducted and regulated pursuant to local ordinance.

(c) "Person" means any member, stockholder, officer, director, partner, principal, associate, individual, or combination thereof holding any direct or indirect financial interest in a gaming club, or who has the power to exercise influence over the operation of the club.

(d) "Conviction" means a plea or verdict of guilty or a conviction following a plea of nolo contendere. Any action which the Attorney General takes following a conviction may be taken when the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal or when an order granting probation is made suspending the imposition of sentence, irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code. The record of conviction of the crime shall be conclusive evidence of the fact that the conviction occurred, but only of that fact, and the Attorney General may inquire into the circumstances surrounding the commission of the crime in order to fix the degree of discipline or to determine if the conviction is substantially related to the qualifications, functions, and duties of the registrant in question.

19803. The Attorney General shall adopt rules and regulations for the administration and enforcement of the provisions of this chapter.

19804. The Attorney General shall, either on his or her initiative or in response to a complaint, investigate and gather evidence of violations of this chapter, or violations of any rule or regulation promulgated thereunder, and may initiate proceedings to deny, suspend, or revoke a registration. The Attorney General may issue subpoenas for the appearance of witnesses and the production of documents and other evidence.

19805. (a) No persons shall own or operate a gaming club without first obtaining a valid registration from the Attorney General.

(b) No city, county, or city and county which permits gaming may authorize any person to own or operate a gaming club unless that person possesses a valid registration pursuant to subdivision (a).

19806. Applicants and registrants shall authorize the Attorney General, or his or her representative, as a condition of registration, to do any of the following:

(a) Make any examination of the books and records of any registrant or other person and visit and inspect the premises of any registrant during normal business hours as deemed necessary by the Attorney General to enforce this chapter.

(b) Seize and remove from such premises and impound any illegal equipment or supplies.

19807. (a) The Attorney General shall provide forms, which are to be completed under penalty of perjury, to obtain information to identify the persons applying for registration including, but not limited to, the individual's name, address, identification numbers and other data prescribed by the Attorney General, and the specific gaming club or clubs involved and any relevant information pertaining to other persons as defined in subdivision (c) of Section 19802 affiliated with the gaming club or clubs. Applicants for registration who have or will have an ownership or management interest in any gaming club shall submit full financial statements, as prescribed by rule and regulation, and which shall include a statement of any interest in any other business. The applicant shall submit a statement under penalty of perjury that no person, other than those disclosed in the application, shall have any ownership control or other financial interest in the gaming club.

(b) If any of the information submitted by an applicant or registrant changes, the applicant or registrant shall promptly notify the Attorney General. The Attorney General may deny a change in ownership for any of the reasons set forth in Section 19809.

(c) Applications for registration by individuals who owned, operated, or had financial interest in gaming clubs on or before January 1, 1983, and all applications to renew registrations granted pursuant to this chapter, shall be acted upon within 60 days after the applicant submits a completed application form. All other applications shall be completed within 180 days of submission of a completed application form. If no action is taken within the time allowed, the application shall be deemed granted.

19808. (a) The fee for applications for registration by individuals who owned, operated, or had a financial interest in gaming clubs on or before January 1, 1983, or for applications to renew registrations granted pursuant to this chapter, shall not exceed five hundred dollars ($500). All other applicants shall be charged an amount not to exceed the actual, reasonable cost incurred in processing, investigating, and approving or denying the application.

(b) An annual renewal fee shall be assessed which shall not exceed the actual, reasonable cost incurred in processing, investigating, and approving or denying the renewal application.

19809. (a) An application for registration may be denied if the person:

(1) Is under the age of 18 years.

(2) Makes a false statement required to be revealed in an application for registration issued pursuant to this chapter or any application made for permission to conduct a gaming club to a local

authority.

(3) Has been convicted of a crime punishable as a felony.

(4) Has been convicted of an offense involving dishonesty.

(5) Has engaged in bookmaking or other illegal gambling activities or has been convicted of an offense involving such activities.

(6) Has any financial or other interest in any business or organization outside the State of California which is engaged in any form of gambling or gaming not authorized by the laws of this state.

(b) The Attorney General may impose any condition upon registration reasonably necessary for implementation of this chapter.

(c) Denial of an application for any of the reasons specified in subdivision (a) shall not preclude the Attorney General or local enforcement agencies from filing criminal charges for any act done in making the application or for any act which is a ground for denial of a registration, which act might otherwise constitute a public offense.

19810. (a) Registration may be suspended or revoked, in whole or in part, if the registrant has done any of the following:

(1) Committed any act which would constitute grounds for denial of registration as set forth in Section 19809.

(2) Violated any federal, state or local statute, rule or ordinance regulating gambling.

(3) Engaged in false or misleading advertising in connection with gambling.

(4) Failed to take reasonable steps to prevent any dishonest acts or illegal activities occurring on the gaming premises committed by any patron or other individual or employee licensed pursuant to Section 19823.

(5) Failed to pay any monetary penalty levied pursuant to Section 19812.

(6) Had his or her authorization to operate a gaming club suspended or revoked or otherwise restricted by any local authority.

(7) Denied the Attorney General access to any place within a gaming club establishment or failed to promptly produce for inspection or audit any book, record, or document requested by the Attorney General.

(8) Failed to comply with any condition of registration.

(9) Obtained a registration by fraud, misrepresentation, concealment, or through inadvertence or mistake.

(10) Made a misrepresentation, or failed to disclose, a material fact to the Attorney General.

(b) Suspension or revocation of a registration for any of the reasons specified in subdivision (a) shall not preclude the Attorney General or local enforcement agencies from filing criminal charges for any act done which is grounds for suspension or revocation, which act might otherwise constitute a public offense.

19811. Any act of an employee not licensed pursuant to Section 19823 which constitutes a violation of this chapter shall also constitute