Case 2:16-cv-02831-JAM-JDP   Document 94-1   Filed 05/31/22   Page 1 of 5

ROB BONTA, State Bar No. 202668
Attorney General of California
SARA J. DRAKE, State Bar No. 102565
Senior Assistant Attorney General
T. MICHELLE LAIRD, State Bar No. 162979
Supervising Deputy Attorney General
JAMES G. WAIAN, State Bar No. 152084
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9335
  Fax: (619) 645-2271
  E-mail: James.Waian@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLYNT, HAIG KELEGIAN, SR., and HAIG T. KELEGIAN, JR., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California; YOLANDA MORROW, in her official capacity as the Acting Director of the California Department of Justice, Bureau of Gambling Control; PAULA D. LaBRIE, in her official capacity as Chair of the California Gambling Control Commission; ERIC C. HEINS, in his official capacity as Commissioner of the California Gambling Control Commission; EDWARD YEE, in his official capacity as Commissioner of the California Gambling Control Commission; CATHLEEN GALGIANI, in her official capacity as Commissioner of the California Gambling Control Commission; WILLIAM LIU, in his official capacity as Commissioner of the California Gambling Control Commission, <br><br> Defendants. | 2:16-cv-02831-JAM-JDP <br><br> **DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** <br><br> Date: June 28, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 6 <br> Judge: The Honorable John A. Mendez <br> Trial Date: November 14, 2022 <br> Action Filed: November 30, 2016 |

1

Defs.' Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, Yolanda Morrow, in her official capacity as Acting Director of the California Department of Justice, Bureau of Gambling Control, Paula D. LaBrie, in her official capacity as Chair of the California Gambling Control Commission, Eric C. Heins, in his official capacity as Commissioner of the California Gambling Control Commission, Edward Yee, in his official capacity as Commissioner of the California Gambling Control Commission, Cathleen Galgiani, in her official capacity as Commissioner of the California Gambling Control Commission, and William Liu, in his official capacity as Commissioner of the California Gambling Control Commission, (Defendants), respectfully submit this statement of undisputed material facts in support of Defendants' cross-motion for summary judgment.

| DEFENDANTS' UNDISPUTED MATERIAL FACTS | DEFENDANTS' SUPPORTING EVIDENCE |
|---|---|
| 1. California Business and Professions Code sections 19858 and 19858.5 (the Statutes, or individually, section 19858 or section 19858.5) apply equally to residents and non-residents of the state and there is no bar to out-of-state ownership or operation of card rooms in California. | 1. Sections 19858 and 19858.5; *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020). |
| 2. Plaintiffs do not have standing to allege that the Statutes are discriminatory in their purpose and effect because Plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr. (Plaintiffs) are not out-of-state residents. | 2. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-EFB, slip op. at 8-9 (E.D. Cal. June 15, 2020). |

2

Defs.' Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

| | | |
|---|---|---|
| 3. | The Statutes do not regulate extraterritorially because they do not attempt to compel action outside of California's boundaries nor do they attempt to regulate the conduct of businesses in other states. | 3. Sections 19858 and 19858.5; *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 10 (E.D. Cal. January 14, 2021). |
| 4. | On January 14, 2021, this Court granted in part, and denied in part, Defendants' motion to dismiss Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief, dismissing Plaintiffs' claims based on allegations of extraterritorial regulation, leaving Plaintiffs with only the portion of their dormant Commerce Clause claim alleging an unconstitutional indirect regulation of interstate commerce. | 4. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 10-11 (E.D. Cal. January 14, 2021). |
| 5. | The extraterritoriality claim has been dismissed and is no longer a part of this case. | 5. Plaintiffs' Mot. Summ. J. 1 n.1. *See Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020); *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 10 (E.D. Cal. January 14, 2021). |
| 6. | The agencies charged with implementing and enforcing the Statutes have never construed or | 6. Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. |

3

Defs.' Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

| | |
|---|---|
| applied them in the broad hypothetical way that Plaintiffs assert. | |
| 7. Sections 19858 and 19858.5 have never been applied in the broad hypothetical way Plaintiffs assert. | 7. Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. |
| 8. Sections 19858 and 19858.5 apply to all license applicants, regardless of whether they are residents or non-residents of California. | 8. Sections 19858 and 19858.5; *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020). |
| 9. This Court has held that the Statutes do not discriminate against out-of-state businesses. | 9. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020). |
| 10. This Court has held that the Statutes do not directly regulate commerce occurring wholly outside the State. | 10. *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 10 (E.D. Cal. January 14, 2021). |
| 11. The California agencies tasked with implementing the card room licensing scheme, the California Gambling Control Commission and the Bureau of Gambling Control, have consistently interpreted and applied section 19858 and section 19858.5 only to individuals and entities, including their partners, in the case of a partnership licensee, and their officers, directors, and shareholders, in the case of a corporate licensee, | 11. Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. |

Defs.' Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

| | |
|---|---|
| applying for, and holding, California card room licenses, and continue to construe and apply the Statutes this way. | |
| 12. The California agencies tasked with implementing the card room licensing scheme, the California Gambling Control Commission and the Bureau of Gambling Control, have consistently construed section 19858 and section 19858.5 to not apply to any individuals or entities that are not applying for, or that do not hold, a California card room license, and continue to construe and apply the Statutes this way. | 12. Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. |

Dated: May 31, 2022

Respectfully Submitted,

ROB BONTA
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
T. MICHELLE LAIRD
Supervising Deputy Attorney General

*/s/* James G. Waian

JAMES G. WAIAN
Deputy Attorney General
*Attorneys for Defendants*

5

Defs.' Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)