1    Rob Bonta, State Bar No. 202668
     Attorney General of California
2    Sara J. Drake, State Bar No. 102565
     Senior Assistant Attorney General
3    T. Michelle Laird, State Bar No. 162979
     Supervising Deputy Attorney General
4    James G. Waian, State Bar No. 152084
     Deputy Attorney General
5      600 West Broadway, Suite 1800
       San Diego, CA 92101
6      P.O. Box 85266
       San Diego, CA 92186-5266
7      Telephone:  (619) 738-9335
       Fax:  (619) 645-2271
8      E-mail:  James.Waian@doj.ca.gov
     *Attorneys for Defendants*

9

10                  IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13   **ELIZABETH FLYNT, HAIG KELEGIAN,**          2:16-cv-02831-JAM-JDP
     **SR., and HAIG T. KELEGIAN, JR.,**
14                                               **DEFENDANTS' RESPONSE TO**
                                    Plaintiffs,   **PLAINTIFFS' SEPARATE STATEMENT**
15                                               **OF UNDISPUTED MATERIAL FACTS**
            v.
16                                               Date:        June 28, 2022
                                                 Time:        10:00 a.m.
17   **ROB BONTA, in his official capacity as**   Courtroom:   6
     **Attorney General of the State of California;** Judge:   The Honorable John A.
18   **YOLANDA MORROW, in her official**                       Mendez
     **capacity as the Acting Director of the**    Trial Date:  November 14, 2022
19   **California Department of Justice, Bureau of** Action Filed:  November 30, 2016
     **Gambling Control; PAULA D. LaBRIE, in**
20   **her official capacity as Chair of the**
     **California Gambling Control Commission;**
21   **ERIC C. HEINS, in his official capacity as**
     **Commissioner of the California Gambling**
22   **Control Commission; EDWARD YEE, in**
     **his official capacity as Commissioner of the**
23   **California Gambling Control Commission;**
     **CATHLEEN GALGIANI, in her official**
24   **capacity as Commissioner of the California**
     **Gambling Control Commission; WILLIAM**
25   **LIU, in his official capacity as**
     **Commissioner of the California Gambling**
26   **Control Commission,**

27                                  Defendants.

28

                                          1
─────────────────────────────────────────────────────────────────

1      Defendants Rob Bonta, in his official capacity as Attorney General of the State of

2    California, Yolanda Morrow, in her official capacity as Acting Director of the California

3    Department of Justice, Bureau of Gambling Control, Paula D. LaBrie, in her official capacity as

4    Chair of the California Gambling Control Commission, Eric C. Heins, in his official capacity as

5    Commissioner of the California Gambling Control Commission, Edward Yee, in his official

6    capacity as Commissioner of the California Gambling Control Commission, Cathleen Galgiani, in

7    her official capacity as Commissioner of the California Gambling Control Commission, and

8    William Liu, in his official capacity as Commissioner of the California Gambling Control

9    Commission, (Defendants), submit this response to Plaintiffs Elizabeth Flynt, Haig Kelegian, Sr.,

10   and Haig T. Kelegian, Jr.'s (Plaintiffs) Separate Statement of Undisputed Material Facts, in

11   opposition to Plaintiffs' motion for summary judgment.

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| 1.  California allows the operation of certain gambling businesses within the State, such as cardrooms, horse racing, lottery, raffles, and bingo as set forth in the Gambling Control Act.<br><br>(Cal. Bus. & Prof. Code §§ 19800 et seq.) | 1.  Undisputed that all of the listed subjects are addressed by California law.  Disputed that they are all regulated primarily by the Gambling Control Act. |
| 2.  California purports to prohibit casino-style gambling, which is also referred to as banked or percentage gambling.<br><br>(Cal. Const. Art. IV, § 19; Cal. Pen. Code § 330.) | 2.  Disputed.<br>The California Constitution speaks for itself.  Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the cited provision of |

| | |
|---|---|
| | the California Constitution and is speculation and legal argument.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 3.  Article IV, Section 19 of the California Constitution states that the "Legislature has no power to authorize, and shall prohibit, casinos of the type currently operating in Nevada and New Jersey."<br><br>(Cal. Const. Art. IV, § 19.) | 3.  Undisputed. |
| 4.  Further, Penal Code § 330 makes the offering of banked or percentage games a misdemeanor punishable by incarceration and a fine.<br><br>(Cal. Pen. Code § 330.) | 4.  Undisputed. |
| 5.  California's purported ban on gambling does not end at its borders.<br><br>(Cal. Bus. & Prof Code §§ 19858(a), 19858.5.) | 5.  Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. |

3

| | |
|---|---|
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 6. California regulates the out-of-state activities of its cardroom licensees as a condition for licensing in State as set forth in Section 19858:<br><br>[A] person shall be deemed to be unsuitable to hold a state gambling license to own a gambling establishment if the person, or any partner, officer, director, or shareholder of the person, has any financial interest in any business or organization that is engaged in any form of gambling prohibited by Section 330 of the Penal Code, whether within or without this state.<br><br>(Cal. Bus. & Prof Code § 19858(a).) | 6. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  Section 19858 speaks for itself.  Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the effects of the application of Section 19858 and is speculation and legal argument.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 7. Subsequently, California enacted Section 19858.5 which allows cardroom licensees to obtain up to a one-percent interest in such a business or organization.<br><br>(Cal. Bus. & Prof Code § 19858(a).) | 7. Undisputed. |

4

| | |
|---|---|
| 8. The California Legislature said that these restrictions were necessary to (1) prevent the harm to the public that can result from the proliferation of gambling, and (2) "ensure that gambling is free from criminal and corruptive elements."<br><br>(Cal. Bus. & Prof Code § 19801(c), (g) (k).) | 8. Undisputed. |
| 9. The Milton Marks Commission on California Government and Economy ("Little Hoover Commission"), an independent oversight agency of the State of California ("State" or "California"), studied Business and Professions Code Sections 19858 and 19858.5 (the "Statutes"), and issued a report entitled, *Card Clubs in California: A Review of Ownership Limitations.*<br><br>(Plaintiffs' Request for Judicial Notice ("RJN") ¶ 1, Ex. G.) | 9. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission report represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in |

| | |
|---|---|
| | this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 10. The Little Hoover Commission found that the California Legislature enacted Section 19858 because, "[b]y preventing casino operators from owning card clubs in California, policymakers hoped to prevent organized crime from becoming involved in the state."<br><br>(RJN Ex. G at 8.) | 10. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |

| | |
|---|---|
| 11. Further, the Little Hoover Commission found that the California Legislature enacted Section 19858 because "[o]ne of the primary purposes of regulation – and the ownership limitations in particular – has been to prevent criminal activity associated with gambling establishments."<br><br>(RJN Ex. G at 10.) | 11. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 12. Additionally, the Little Hoover Commission found that the | 12. Disputed. |

7

| | |
|---|---|
| Legislature enacted Section 19858 to prevent the expansion of gambling.<br><br>(RJN Ex. G at 16.) | Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 13. The State regulates all forms of gambling "to ensure that the public is safe, will be treated fairly, and won't be cheated when visiting gambling establishments." | 13. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted |

8

| | |
|---|---|
| (RJN Ex. G at 6.) | statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The quoted language is from the Little Hoover Commission report.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 14. However, others have noted that the restrictions were "primarily . . . intended to prohibit out-of-state gambling interests from owning cardrooms in California." | 14. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly |

9

(RJN Ex. G at 1.)

undisputed fact, but instead is speculation and legal argument. The quoted language is from the Little Hoover Commission report. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

15. There is further evidence of protectionist motivations in the plain text of the predecessor to Section 19858 which allowed the denial of a license to anyone with an "interest in any business . . . outside the State . . . which is engaged in any form of

15. Disputed.

Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. The former statutes referenced by Plaintiffs speak for themselves. Plaintiffs' asserted

10

| | |
|---|---|
| gambling . . . not authorized by the laws of this State." (RJN ¶ 6, Ex. L.) | statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the effects of the application of the former statutes and is speculation and legal argument. <br><br> Fed. R. Civ. P. 56(c)(1)(B). |
| 16. Nonetheless, despite concerns about casino-style gambling, and the fact that California Constitution Article IV, Section 19, Penal Code § 330, and the Statutes remain in effect – thereby banning casino- style gambling in California and banning cardroom licensees from investing more than one percent in out- of-state casinos that operate lawfully where located, or having partners in any ventures who hold such interests – California has, nonetheless, ***blessed the statewide operation and proliferation of casinos engaged in the very activity purportedly prohibited by Section 330***. (RJN Ex. G at 2, 5, 17; RJN ¶ 2, Ex. H | 16. Disputed. <br><br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. The California Constitution and California Penal Code section 330 speak for themselves. Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the effects of the application of the California Constitution and Penal Code section 330 and is speculation and legal argument. The Little Hoover Commission report, which Plaintiff also cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. |

11

| | |
|---|---|
| at 2; RJN ¶ 3, Ex. I.) | Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations.<br><br>Fed. R. Civ. P. 56(c)(1)(B). *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 17. In 2000, voters passed Proposition 1A, authorizing the State to enter compacts with Indian tribes located within California to operate casinos on tribal land.<br><br>(RJN Ex. G at 5.) | 17. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. This alleged fact is not material to this case because the statutes at issue in this case do not |

12

| | |
|---|---|
| | apply to tribes' gambling operations on Indian reservations. |
| | Fed. R. Civ. P. 56(c)(1)(B).  *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 18. The "decisions made by voters and by their elected representatives . . . resulted in the dramatic expansion of gambling in California."<br><br>(RJN Ex. H at 2; RJN Ex. G at 17.) | 18. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The quoted language is from the Little Hoover Commission.  The Little Hoover Commission documents speak for themselves and represent the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the Little Hoover Commission and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current |

13

| | |
|---|---|
| | statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 19. By 2002, California had dozens of casinos.<br><br>(RJN Ex. G at 5.) | 19. Undisputed for purposes of this motion. |
| 20. By 2022, it had sixty-six.<br><br>(RJN Ex. I.) | 20. Undisputed for purposes of this motion. |
| 21. This growth in California's casinos is expected to continue.<br><br>(RJN Ex H at 1; RJN Ex. G at 2.) | 21. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The conclusion is from the Little Hoover Commission. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the |

14

| | |
|---|---|
| | opinions of that entity, and are not "facts."  Defendants dispute the conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 22. "California is now the second largest gambling state in the nation measured by total gross revenue, and at the current pace could surpass Nevada in  seven years."<br><br>(RJN Ex. H at 1.) | 22. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The conclusion is from the Little Hoover Commission.  The Little Hoover Commission findings represent the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants |

15

| | |
|---|---|
| | dispute the conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 23. California's gambling sector is expected to surpass Nevada's and "[n]early all of that growth is expected to come from Indian casinos." <br><br> (RJN ex. G at 2.) | 23. Disputed. <br><br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The conclusion is from the Little Hoover Commission report.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions and their relevance today, |

| | |
|---|---|
| | 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 24. But California did not just authorize the operation of casinos within its borders.<br><br>(RJN Ex. G at 13; Kelegian, Jr. Decl. ¶ 37.) | 24. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current |

17

|  | statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  The cited declaration is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
|---|---|
| 25. It allowed out-of-State casino owners to enter the State to partner with tribal casinos as recognized by the Little Hoover Commission which found that "publicly traded corporations that own and operate casinos in other states already manage or finance the operations of tribal casinos in California."<br><br>(RJN Ex. G at 13.) | 25. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The conclusion is from the Little Hoover Commission report.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions and their relevance today, 20 years after those conclusions were |

18

| | |
|---|---|
| | made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  This alleged fact is also not material to this case because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations.<br><br>Fed. R. Civ. P. 56(c)(1)(B).  *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 26. These arrangements have increased since the Little Hoover Commission conducted its study.<br><br>(Kelegian, Jr. Decl. ¶ 37.) | 26. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.  The cited declaration is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |

19

| | |
|---|---|
| 27. Further, casino-operating Tribes have made substantial investments in out-of-state casinos [sic]<br><br>(Kelegian, Jr. Decl. ¶ 37.) | 27. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.  The cited declaration is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 28. The authorization of these associations with out-of-state casinos completely undermines the stated purposes for enactment of the Statutes.<br><br>(Kelegian, Jr. Decl. ¶ 25, 38.) | 28. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.  The cited declaration is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |

20

| | |
|---|---|
| 29. The Legislature has regularly proposed exceptions to the restrictions, which have, on occasion, garnered vetoes.<br><br><br>(RJN Ex. G at 1, 9-10.) | 29. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 30. In 2001, then-Governor Gray Davis vetoed a bill the Legislature passed that provided an exception to the ownership restrictions for certain businesses, asking whether it was | 30. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little |

21

| | |
|---|---|
| time for "reconsideration" of the restrictions.<br><br>(RJN Ex. G at 1.) | Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 31. The Little Hoover Commission noted that the exception "undermine[d] whatever logic remains under the ownership limitations."<br><br>(RJN Ex. G at 10.) | 31. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants |

| | |
|---|---|
| | dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 32. In reaching that conclusion, the Commission pointed out the absurdity that "a publicly traded company can own a racetrack in California . . . . That same company, under certain circumstances, can also own a casino in another state, and a card club in California."<br><br>(RJN Ex. G at 10.) | 32. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs |

23

| | |
|---|---|
| | are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 33. Subsequently, when the Legislature proposed an extension for another cardroom's exception, then-Governor Edmund G. Brown, Jr. vetoed the proposal, asserting that, "[i]f our gambling laws are based on outdated policies or assumptions, we should thoughtfully examine those laws and amend them."<br><br>(RJN ¶ 4, Ex. J.) | 33. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 34. The Plaintiffs are cardroom licensees and have ownership interests in numerous cardrooms.<br>(Flynt Decl. ¶¶ 2-4; Kelegian, Sr. Decl. ¶ 2; Kelegian, Jr. Decl. ¶ 2.) | 34. Undisputed. |
| 35. As licensees, Plaintiffs are part of the gambling industry, which is a large, lawful, regulated, and ever-growing sector of the State and national economy. | 35. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is |

24

| | |
|---|---|
| (Kelegian, Jr. Decl. ¶¶ 34-35, Kelegian, Jr. Decl. Exs. E, F.) | speculation, legal argument, and opinion unsupported by facts. The cited declarations are nothing more than hearsay, in this regard. The attached exhibits speak for themselves and do not support the conclusions made in this alleged statement of undisputed fact.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 36. At the time Section 19858 was enacted, the gambling industry accounted for more than 20,000 jobs in California and contributed more than $100,000,000 in taxes and fees.<br><br>(Cal. Bus. & Prof. Code § 19801(b).) | 36. Undisputed. |
| 37. By 2002, the "total gross revenue[] generated by gambling in California [was] more than $6 billion annually."<br><br>(RJN Ex. G at 2.) | 37. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission report speaks for itself and represents the conclusions |

25

| | |
|---|---|
| | made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 38. Consequently, it cannot be disputed that "[g]ambling is a significant industry in California."<br><br>(RJN Ex. G at 2.) | 38. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years |

26

| | |
|---|---|
| | after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 39. The same is true nationwide, as gambling provides employment, entertainment, tax revenue, and economic development, as recognized by the Little Hoover Commission.<br><br>(RJN Ex. G at 6, 11-12.) | 39. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |

27

|  | Fed. R. Civ. P. 56(c)(1)(B). |
|---|---|
| 40. Looking at cardrooms alone, it is estimated that, by 2011, cardrooms generated over $1.8 billion in economic output in California, with cardroom operations generating more than 22,000 jobs, $791.1 million in labor income for California's workers, and $273.1 million in tax revenue.<br><br>(Kelegian, Jr. Decl. ¶ 34, Ex. E at 11.) | 40. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The cited material is hearsay.<br><br>Fed. R. Civ. P. 56(c)(1)(B); Fed. R. Evid. 801(c). |
| 41. These numbers increased to an economic output of more than $5.5 billion, labor income of approximately $1.6 billion, more than 32,000 jobs, and nearly $500 million in tax revenue by 2019.<br><br>(Kelegian, Jr. Decl. ¶ 35, Ex. F at 2.) | 41. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The cited material is hearsay.<br><br>Fed. R. Civ. P. 56(c)(1)(B); Fed. R. Evid. 801(c). |
| 42. Moreover, numerous other industries are impacted by cardrooms.<br><br>(Kelegian, Jr. Decl. Ex. F at 2-3.) | 42. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The John |

| | |
|---|---|
| | Dunham & Associates report cited by Plaintiffs speaks for itself and represents the conclusions made by that entity at the time it was prepared. Those conclusions represent the opinions of that entity, and are not "facts."<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 43. The following industries have seen growth as a result of becoming suppliers to cardrooms: agriculture, mining, construction, manufacturing, wholesale, retail, transportation, communication, finance, insurance, real estate, business and professional services, travel and entertainment, and government.<br><br>(Kelegian, Jr. Decl. Ex. F at 2-3.) | 43. Disputed.<br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The John Dunham & Associates report cited by Plaintiffs speaks for itself and represents the conclusions made by that entity at the time it was prepared. Those conclusions represent the opinions of that entity, and are not "facts."<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 44. Those same industries are impacted by the revenue generated from | 44. Disputed.<br>The material cited does not establish |

29

| | |
|---|---|
| cardrooms.<br><br>(Kelegian, Jr. Decl. Ex. F at 2-3.) | the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The John Dunham & Associates report cited by Plaintiffs speaks for itself and represents the conclusions made by that entity at the time it was prepared.  Those conclusions represent the opinions of that entity, and are not "facts."<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 45. Plaintiffs are prohibited from using their expertise to pursue investment opportunities in out-of-state casinos that operate lawfully where located without violating the Statutes and risking revocation of their cardroom licenses.<br><br>(Flynt Decl. ¶¶ 6-28; Kelegian, Sr. Decl. ¶¶ 3-17; Kelegian, Jr. Decl. ¶¶ 5-27.) | 45. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 46. This is true even when the investment opportunity at issue involves the purchase of stock in a publicly traded | 46. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of |

| | |
|---|---|
| company – a **lawful, transparent investment** that everyone except for licensees can make.<br><br>(Flynt Decl. ¶ 15; Kelegian, Sr. Decl. ¶ 13; Kelegian, Jr. Decl. ¶ 15.) | undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.  The cited declarations are nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 47. The Statutes block licensees from making investments in out-of-state casinos that operate lawfully where located even when the licensee would be the 100% owner of the casino, and thus, the transaction at issue would result in no new associations with any individuals or entities, let alone associations with casino owners, who  purportedly could have ties to organized crime.<br><br>(Flynt Dec. ¶ 26; Kelegian, Sr. Decl. ¶ 15; Kelegian, Jr. Decl. ¶ 19.) | 47. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 48. Licensees are prohibited from pursuing investments from out-of-state | 48. Disputed.<br>Plaintiffs' cited evidence does not |

31

| | |
|---|---|
| casino owners for their cardrooms.<br><br>(Flynt Dec. ¶ 14; Kelegian, Sr. Decl. ¶ 12; Kelegian, Jr. Decl. ¶ 14.) | support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 49. Plaintiffs have been offered the opportunity to invest in out-of-State casinos but have declined due to the Statutes.<br><br>(Flynt Decl. ¶¶ 8-13; Kelegian, Sr. Decl. ¶¶ 5-11; Kelegian, Jr. Decl. ¶¶ 7-13.) | 49. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.  Defendants do not dispute that Plaintiffs have been offered the opportunity to invest in out-of-state casinos, but Defendants dispute the basis for declining such investments because it requires a legal conclusion, and is not a fact.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

| | |
|---|---|
| 50. Plaintiffs must submit license renewals biennially, affirming that they are in compliance with the Statutes, which they would be unable to do, and which would result in denial of a renewal application, if they accepted such an offer.<br><br>(Flynt Decl. ¶ 30; Kelegian, Sr. Decl. ¶ 19; Kelegian, Jr. Decl. ¶ 29.) | 50. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. Defendants do not dispute that Plaintiffs must submit license renewals, but Defendants dispute the conclusion regarding denial of a renewal because it requires a legal conclusion, and is not a fact.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 51. Further, Plaintiffs would be subjected to investigation and revocation of their licenses, if they pursued such investments.<br><br>(Flynt Dec. ¶¶ 10-11; Kelegian, Sr. Decl. ¶¶ 5, 10; Kelegian, Jr. Decl. ¶¶ 7, 23.) | 51. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

| | |
|---|---|
| 52. For this reason, although Plaintiffs continue to vet offers and desire to make such investments, they will not be able to do so as long as the Statutes remain in effect.<br><br>(Flynt Decl. ¶ 12; Kelegian, Sr. Decl. ¶ 10; Kelegian, Jr. Decl. ¶ 12.) | 52. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 53. These routine and regular missed opportunities have been  and  continue to  be  to  Plaintiffs'  financial detriment.<br><br>(Flynt Dec. ¶¶ 6-29; Kelegian, Sr. Decl. ¶¶ 5-18; Kelegian, Jr. Decl. ¶¶ 7-28.) | 53. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 54. Mrs. Flynt holds cardroom licenses as the trustee of a trust  that  holds  the corporations  that  operate  two active and one inactive cardrooms. | 54. Undisputed. |

34

| | |
|---|---|
| (Flynt Decl. ¶¶ 2-4.) | |
| 55. She was substituted as a Plaintiff in this action, upon the death of her husband, the late Larry Flynt, who was the predecessor-trustee and whom conducted business on behalf of the trust as the predecessor- trustee, until his death. <br><br> (Flynt Decl. ¶ 5.) | 55. Undisputed. |
| 56. Notably, Plaintiffs are prohibited from investing capital that has **no connection whatsoever to California** in out-of-state casinos, such as revenue generated from out-of-state ventures held in out-of-state bank accounts [sic] <br><br> (Flynt Decl. ¶ 16; Kelegian, Jr. Decl. ¶ 16.) | 56. Disputed. <br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. <br><br> Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 57. Mrs. Flynt owns and operates (through a trust), dozens of retail stores outside of California that generate  revenue that could  be used to  invest in casinos  operating  in  those  same | 57. Disputed. <br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly |

| | |
|---|---|
| states, yet she is unable to use that revenue – with no ties whatsoever to California – to make those lawful out-of-state investments. <br><br> (Flynt Decl. ¶ 16.) | undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. <br><br> Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 58. Similarly, Mr. Kelegian, Jr. generates revenue from an out-of-state restaurant venture which he is unable to invest in out-of-state casinos, even though that revenue has no tie to California. <br><br> (Kelegian, Jr. Decl. ¶ 16.) | 58. Disputed. <br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. <br><br> Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 59. Mrs. Flynt has been forced to accommodate the Statutes in an out-of-State venture that has nothing to do with gambling. <br><br> (Flynt Decl. ¶¶ 17-24.) | 59. Disputed. <br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. <br><br> Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

| | |
|---|---|
| 60. While the late Larry C. Flynt was still the trustee for the trust that holds licenses for three cardrooms, the trust also procured a minority interest in an exotic dance establishment in Nevada.<br><br>(Flynt Decl. ¶ 17.) | 60. Undisputed. |
| 61. Mr. Flynt was forced to seek a restructuring of the operating agreement when the majority owner expressed an *interest* in *possibly* adding slot machines to the venue.<br><br>(Flynt Decl. ¶¶ 17-21.) | 61. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 62. Under the restructured operating agreement, which resulted in a less favorable agreement for Mr. Flynt, the majority owner had and retains the ability to force Mrs. Flynt (the current trustee) to divest the minority interest, if the majority owner elects to | 62. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and |

37

Defs.' Resp. to Plfs.' Separate Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

| | |
|---|---|
| introduce any form of gambling at the establishment.<br><br>(Flynt Decl. ¶ 19.) | opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 63. This restructuring reflects a significant concession by the Flynts and places their investment in peril, which was done for no reason other than to accommodate the Statutes.<br><br>(Flynt Decl. ¶ 19.) | 63. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 64. Further, it places the majority owner in the unwanted position of choosing between maintaining his desired minority partner, Mrs. Flynt, or electing to introduce gambling at the establishment, which could be a lucrative investment and one that is lawful in the state where the establishment operates.<br><br>(Flynt Decl. ¶ 19.) | 64. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. The cited declaration is nothing more than hearsay as to the majority owner's intentions. |

| | |
|---|---|
| | Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 65. Critically, Mr. Flynt was required to seek this restructuring when the majority partner expressed an *interest* in the *possibility* of adding slot machines.<br><br>(Flynt Decl. ¶¶ 17-21.) | 65. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. The cited declaration is nothing more than hearsay as to the majority owner's intentions.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 66. The need for restructuring joint ventures in non-gambling industries could pop up any time a majority owner expresses an *interest* in the *possibility* of adding gambling to joint venture's operations.<br><br>(Flynt Decl. ¶¶ 22-24.) | 66. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. |

| | |
|---|---|
| | Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 67. This greatly reduces the stability and value of any minority investments in non-gambling entities because a disadvantageous negotiation could be thrust upon cardroom licensees with minority interests in joint ventures as was done to the Flynts in this venture.<br><br>(Flynt Decl. ¶¶ 24.) | 67. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 68. The Statutes have disrupted out-of-state business opportunities for Mr. Kelegian, Jr., too.<br><br>(Kelegian, Jr. Decl. ¶¶ 20-25.) | 68. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 69. He and his wife formed a company to operate a casino in Washington, wherein Mr. Kelegian, Jr. held a one- | 69. Undisputed. |

40

| | |
|---|---|
| percent interest and his wife held a 99% interest.<br><br>(Kelegian, Jr. Decl. ¶¶ 20-21.) | |
| 70. As a matter of California marital property rules, his interest was found to be in excess of one percent.<br><br>(Kelegian, Jr. Decl. ¶ 22.) | 70. Undisputed. |
| 71. An enforcement proceeding was brought against him, whereby he and his wife were forced to divest their interest in the Washington casino, and he was fined and ordered to pay costs.<br><br>(Kelegian, Jr. Decl. ¶ 23, Kelegian Decl. Ex. D; RJN ¶ 5, Ex. K.) | 71. Undisputed. |
| 72. Notably, at the very time the Statutes were being enforced against him, purportedly for the purpose of protecting California from the harm associated with individuals who have interests in out-of-state casinos, California had already authorized the operation of dozens of casinos within its borders, allowed casinos to be managed or financed by out-of-state | 72. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the |

41

| | |
|---|---|
| casinos, and allowed tribal casinos to invest in out-of-state casinos.<br><br>(Kelegian, Jr. Decl. ¶ 25; RJN Ex. G at 5, 13.) | conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  This alleged fact is also not material to this case because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations.  The cited declaration is nothing more than hearsay in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c).  *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 73. More importantly, his sole business partner in this venture was his wife. | 73. Undisputed. |

42

| | |
|---|---|
| (Kelegian, Jr. Decl. ¶¶ 21, 24.) | |
| 74. Due to this circumstance, there was **no risk of any new ownership associations** (let alone associations with organized crime) – the purported harm against which the Statutes protect – yet the Statutes forced him and his wife to divest their interest in the venture.<br><br>(Kelegian, Jr. Decl. ¶¶ 21, 24.) | 74. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 75. When interpreting the "plain language" of Section 19858, this Court recognized that the Statutes imposed burdens on the ability of licensees to invest in and form partnerships concerning non-gambling- related entities because a licensee "cannot have a business affiliation with **any** person or entity that has gambling interests prohibited in California," meaning that Section 19858 prohibits licensees "from forming a business partnership, unrelated to gambling, with a person who has interests in a casino." | 75. Disputed.<br>This Court only recognized the asserted interpretation of Section 19858 for sufficiency at the pleading stage.<br><br>*Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 6-8 (E.D. Cal. January 14, 2021) |

| | |
|---|---|
| (Jan. 14, 2021 Order (Dkt. 67) at 6-8 (emphasis added).) | |
| 76. Thus, not only are Plaintiffs barred from investments and associations within the gambling industry in which they have developed expertise, so are all their partners.<br><br>(Jan. 14, 2021 Order (Dkt. 67) at 6-8 (emphasis added); Cal. Bus. & Prof. Code §§ 19858, 19858.5; Flynt Decl. ¶¶ 24-25; Kelegian, Sr. Decl. ¶ 14; Kelegian, Jr. Decl. ¶¶ 17-18.) | 76. Disputed.<br>This Court only recognized the asserted interpretation of Section 19858 for sufficiency at the pleading stage.<br><br>*Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 6-8 (E.D. Cal. January 14, 2021) |
| 77. As a result, Plaintiffs are forced to undergo extensive vetting of partners to any joint venture, even in non-gambling-related ventures, to ensure that they do not have "any partners" who have more than a one-percent ownership interest in a casino.<br><br>(Flynt Decl. ¶ 25; Kelegian, Sr. Decl. ¶ 14; Kelegian, Jr. Decl. ¶ 18.) | 77. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 78. The Legislature claimed that the Statutes were necessary to protect the | 78. Undisputed. |

44

| | |
|---|---|
| public from issues associated with the proliferation of gambling, as well as to prevent the infiltration of cardrooms by organized crime as such crime was purportedly associated with casinos.<br><br>(Cal. Bus. & Prof. Code § 19801(c), (g) (k).) | |
| 79. The Statutes – described by an independent State agency as "anachronistic" – are incapable of providing those putative benefits.<br><br>(RJN Ex. G at 10; Ex. H at 1.) | 79. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |

45

| | |
|---|---|
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 80. The Statutes are not an "effective means of controlling the behavior of card club operators."<br><br>(RJN Ex. H at 1.) | 80. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission's conclusions were made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the Little Hoover Commission's conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 81. First, the Statutes are incapable of preventing the public from the harm purportedly associated with the proliferation of casino-style gambling | 81. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of |

in California Due to this development, the public safety concerns purportedly associated with casinos and their owners cannot be addressed by the Statutes' ownership restriction on cardroom licensees.

(RJN Ex. G at 5, 10-13, 16-18; RJN Ex. I.)

undisputed fact. Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument. The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribe's gambling operations on Indian reservations.

Fed. R. Civ. P. 56(c)(1)(B). *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987).

47

| | |
|---|---|
| 82. Although Penal Code § 330, and the Statutes remain in effect, a March 2000 change in the law that allowed the operation of casino-style gambling facilities on tribal lands has resulted in the proliferation of casinos throughout the State as well as substantial investment by casino-operating Tribes in out-of-state casinos.<br><br>(RJN Ex. G at 5; RJN Ex. I.) | 82. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument. The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations |

48

| | |
|---|---|
| | on Indian reservations.<br><br>Fed. R. Civ. P. 56(c)(1)(B). *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 83. Due to this development, the public safety concerns purportedly associated with casinos and their owners cannot be addressed by the Statutes' ownership restriction on cardroom licensees.<br><br>(RJN Ex. G at 5; RJN Ex. I.) | 83. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument.  The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are |

49

| | |
|---|---|
| | challenging in this litigation.  The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations.<br><br>Fed. R. Civ. P. 56(c)(1)(B).  *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 84. It does not matter if a cardroom licensee invests more than a one-percent interest in an out-of-State casino, or if an out-of-State casino owner invests in a California cardroom because ***casinos and the people affiliated with them are and will remain widespread throughout California regardless of whether the Statutes are in effect or not***.<br><br>(RJN Ex. G at 5; RJN Ex. I.) | 84. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument.  The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their |

relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations.

Fed. R. Civ. P. 56(c)(1)(B). *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987).

85. In essence, California let in through the front door the precise activity purportedly banned by Section § 330, activity that was once thought to present such a public safety issue that the Legislature enacted the Statutes to prohibit cardroom licensees from associating with out-of-state casinos, even though those casinos operated lawfully in their respective jurisdictions.

85. Disputed.

Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument. The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made

(*Compare* RJN Ex. G at 5; RJN Ex. I; *with* Penal Code § 330; Bus. & Prof. Code § 19801(c), (g) (k).)

by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations. The statutes cited by Plaintiffs, California Penal Code section 330 and California Business and Professions Code section 19801, subdivisions (c), (g), and (k), speak for themselves and do not support Plaintiffs' interpretation of them.

Fed. R. Civ. P. 56(c)(1)(B). *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987).

52

| | |
|---|---|
| 86. Second, the Statutes are incapable of preventing the organized crime purportedly associated with casino ownership from entering California because casino owners operate casinos throughout California (with the State's blessing).<br><br>(RJN Ex. G at 5; RJN Ex. I) | 86. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument.  The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  The list of Indian casinos that Plaintiffs cite to is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations |

| | |
|---|---|
| | on Indian reservations.<br><br>Fed. R. Civ. P. 56(c)(1)(B).  *See*<br>*California v. Cabazon Band of*<br>*Mission Indians*, 480 U.S. 202 (1987). |
| 87. More importantly, out-of-state casino owners have entered California to "manage or finance the operations of tribal casinos in California," which "suggest[s] that if these corporations pose a risk to public safety – and there is no evidence that they do –that risk already exists."<br><br>(RJN Ex. G at 13; Kelegian, Jr. Decl. ¶ 37.) | 87. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument.  The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are |

| | |
|---|---|
| | challenging in this litigation. Plaintiffs' reference to tribal casinos is not relevant here because the statutes at issue in this case do not apply to tribes' gambling operations on Indian reservations. The declaration cited by Plaintiffs is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 88. Further, California's casino-operating Tribes have made substantial investments in out-of-state casinos.<br><br>(Kelegian, Jr. Decl. ¶ 37.) | 88. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. The declaration cited by Plaintiffs is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); |

55

| | |
|---|---|
| | Fed. R. Evid. 801(c). |
| 89. Consequently, the very action prohibited by the Statutes – the entry of an out-of-state casino owner in the California gambling industry or the in-state gambling operator investing in an out-of-state casino – has regularly occurred, **even though the Statutes remain in effect**.<br><br>(*Compare* RJN Ex. G at 13; Kelegian, Jr. Decl. ¶ 25; *with* Bus. & Prof. Code § 19801(c), (g) (k).) | 89. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument.  The Little Hoover Commission report, which Plaintiff cites, speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  Plaintiffs' implied reference to tribal casinos is not relevant here because the statutes at issue in this case do not |

| | |
|---|---|
| | apply to tribes' gambling operations on Indian reservations.  The statute cited by Plaintiffs, California Business and Professions Code section 19801, subdivisions (c), (g), and (k), speaks for itself and does not support Plaintiffs' interpretation of it.  The declaration cited by Plaintiffs is nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c).  *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). |
| 90. Either casino owners present a risk to public safety or they do not, but it cannot be both.<br><br>(Kelegian, Jr. Decl. ¶ 25.) | 90. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

57

| | |
|---|---|
| 91. Third, Defendants produced no evidence during discovery that suggests a link between cardrooms and the organized crime purportedly associated with out-of-state casinos that operate lawfully where located.<br><br>(Cambria Decl. ¶¶ 3-5, Exs. A-C.) | 91. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  Defendants provided several examples of publicly available information regarding the association of organized crime with card rooms.  The list was explicitly made non-exhaustive pending Plaintiffs' clarification of the relevance of their requests.  Plaintiffs did not follow up with any clarification.<br><br>Fed. R. Civ. P. 56(c)(1)(B); Plfs.' Exs. A, B, C. |
| 92. When asked to produce any documents evidencing the association of organized crime with either tribal casinos or cardrooms, Defendants pointed to just eight incidents spanning the time period 1985 to the present.<br><br>(Cambria Decl. Exs. A-C.) | 92. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The discovery propounded by Plaintiffs was limited to "organized crime."  Defendants objected to Plaintiffs' discovery on the grounds of relevance, |

58

| | |
|---|---|
| | proportionality, and the equal availability to public information in this regard.  However, in the spirit of cooperative discovery, Defendants did provide several examples of publicly available information regarding the association of organized crime with card rooms.  But the list was explicitly made non-exhaustive pending Plaintiffs' clarification of the relevance of their requests.  Plaintiffs did not follow up with any clarification.<br><br>Fed. R. Civ. P. 56(c)(1)(B); Plfs.' Exs. A, B, C. |
| 93. In most of those instances, the criminal activity at issue was the result of bad conduct by employees, which can occur regardless of the ownership of a cardroom or casino as the Little Hoover Commission found that "opportunities for employees to embezzle money, "for criminals to prey on winning players," and for "chronic losers" to "turn to criminal | 93. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  Plaintiffs' asserted statement of fact is not an undisputed fact, but instead is Plaintiffs' speculation and legal argument.  The Little Hoover |

59

activity to make up for their losses" are "present regardless of the ownership" of a card club.

(Cambria Decl. Exs. A-C; RJN Ex. G at 10.)

Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

94. It does not appear that Defendants provided *any* instances of a cardroom licensee becoming entangled with organized crime affiliated with an out-of-state casino that operates lawfully where it occurs, which is the type of association prohibited by the Statutes.

(Cambria Decl. ¶¶ 3-5, Exs. A-C.)

94. Disputed.
The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The discovery propounded by Plaintiffs was limited to "organized crime." Defendants objected to Plaintiffs' discovery on the grounds of relevance, proportionality, and the equal availability to public information in

60

| | |
|---|---|
| | this regard.  However, in the spirit of cooperative discovery, Defendants did provide several examples of publicly available information regarding the association of organized crime with card rooms.  But the list was explicitly made non-exhaustive pending Plaintiffs' clarification of the relevance of their requests.  Plaintiffs did not follow up with any clarification.  Plaintiffs' discovery is not particularly useful in the context of this litigation because their discovery requests in this regard were limited to "organized crime."  Even so, if there are only a limited number of incidents, as Plaintiffs allege, that would be evidence of the effectiveness of the Statutes in preventing criminal activity associated with card rooms.<br><br>Fed. R. Civ. P. 56(c)(1)(B); Plfs.' Exs. A, B, C. |
| 95. Notably, the Little Hoover Commission, which conducted an extensive examination of this claimed | 95. Disputed.<br><br>The material cited does not establish |

link, found nothing more than that "[o]n *occasion*, law enforcement officials have documented criminal activity associated with card clubs."

(RJN Ex. G at 10.)

the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

96. For all these reasons, a prior Chairman of the Gambling Control Commission (whose successor is a Defendant in this action), told the Little Hoover Commission that "the primary reason for the ownership limitations – to prevent criminals from operating casinos – is no longer valid."

96. Disputed.

The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  This quote is from the Little Hoover Commission report and represents the conclusions

| | |
|---|---|
| (RJN Ex. G at 13.) | made by the quoted individual at the time that report was issued, 20 years ago. Those conclusions represent the opinions of that individual, and are not "facts." Defendants dispute those conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 97. Similarly, the Little Hoover Commission "was convinced that the existing limitations were an anachronistic attempt to protect the public safety," concluding that "the limitations are no longer necessary to protect the public safety."<br><br>(RJN Ex. G at 15, 17.) | 97. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants |

| | |
|---|---|
| | dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 98. As the Little Hoover Commission recognized, there are less burdensome alternatives that can achieve the stated goals of preventing the proliferation of gambling and the infiltration of organized crime.<br><br>(RJN Ex. G at 11-12, 13, 16; *see also* Flynt Decl. ¶¶ 30-33; Kelegian, Sr. Decl. ¶¶ 19-22; Kelegian, Jr. Decl. ¶¶ 29-32; Cal. Penal Code §§ 67-68, 92-100, 182-85, 186, 503-515, 518-527; Cal. Bus. & Prof. Code §§ 19800 *et seq.*) | 98. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and |

64

Defs.' Resp. to Plfs.' Separate Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  The cited statutes speak for themselves.  Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the cited statutes and is speculation and legal argument.  The cited declarations are nothing more than hearsay, in this regard.

Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c).

99. With respect to the concern about organized crime, there are at least three less burdensome alternatives available.

(RJN Ex. G at 11-12, 13, 16; *see also* Flynt Decl. ¶¶ 30-33; Kelegian, Sr. Decl. ¶¶ 19-22; Kelegian, Jr. Decl. ¶¶ 29-32; Cal. Penal Code §§ 67-68, 92-100, 182-85, 186, 503-515, 518-527; Cal. Bus. & Prof. Code §§ 19800

99. Disputed.

Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the

65

| | |
|---|---|
| *et seq.*) | time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  The cited statutes speak for themselves.  Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the cited statutes and is speculation and legal argument.  The cited declarations are nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 100. First, a change in the type of owner permitted to possess a casino gambling license has been found to eliminate concerns about organized crime. | 100. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted |

| | |
|---|---|
| (RJN Ex. G at 11-12.) | statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 101. In Nevada, allowing publicly-traded companies to operate casinos "has supported the regulatory goal of making sure that gambling is conducted honestly and free from criminal or corruptive influences."<br><br>(RJN Ex. G at 11.) | 101. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  This quote is from the Little Hoover Commission report.  The Little Hoover Commission |

67

Defs.' Resp. to Plfs.' Separate Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

| | |
|---|---|
| | report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 102. As such, Nevada is able to rely on the "disclosure and other requirements that federal laws impose on publicly traded companies" as well as "transaction requirements to track changes in ownership."<br><br>(RJN Ex. G at 11-12.) | 102. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  This quote is from the Little Hoover Commission report.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those |

| | |
|---|---|
| | conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 103. Nevada is also able to coordinate with gambling regulators in other states where those publicly-traded companies also operate and are subjected to regulation.<br><br>(RJN Ex. G at 12.) | 103. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants |

| | |
|---|---|
| | dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 104. New Jersey "corroborated the experience in Nevada."<br><br>(RJN Ex. G at 12.) | 104. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  This quote is from the Little Hoover Commission report.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the |

| | |
|---|---|
| | enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 105. The Little Hoover Commission found that "California ha[d] equal opportunities to screen, monitor and enforce the law as it relates to publicly traded companies," and thus, could prevent the infiltration of organized crimes in cardrooms if it allowed cardroom licensees to invest in and form relationships with publicly-traded casinos.<br><br>(RJN Ex. G at 12.) | 105. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |

71

| | |
|---|---|
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 106. Second, the tools available to law enforcement have not remained static.<br><br>(RJN Ex. G at 13; Flynt Decl. ¶¶ 31-32; Kelegian, Sr. Decl. ¶¶ 20-21; Kelegian, Jr. Decl. ¶¶ 30-31; Cal. Penal Code §§ 67-68, 92-100, 182-85, 186, 503-515, 518-527.) | 106. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.  The cited statutes speak for themselves.  Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged |

| | |
|---|---|
| | interpretation of the cited statutes and is speculation and legal argument. The cited declarations are nothing more than hearsay, in this regard.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c). |
| 107. Decades ago, Congress passed laws that targeted the organized crime believed to be associated with casinos, such as the Racketeering Influenced and Corrupt Organizations Statutes, the Bank Secrecy Act of 1985, and the Money Laundering Control Act of 1986.<br><br>(RJN Ex. G at 13.) | 107. Undisputed. |
| 108. Those laws "helped to speed the transition of the casino industry from its unsavory early years to its currently respectable status in the publicly traded corporate sector."<br><br>(RJN Ex. G at 13.) | 108. Disputed.<br><br>The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis. This quote is from the Little Hoover Commission report. The Little Hoover Commission report speaks for itself and represents |

73

Defs.' Resp. to Plfs.' Separate Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

| | |
|---|---|
| 109. California, too, has statutes that target organized crime, including bribery, corruption, witness tampering, conspiracy, criminal profiteering, money laundering, fraud, embezzlement, and extortion.

(Cal. Penal Code §§ 67-68, 92-100, 182-85, 186, 503-515, 518-527.) | 109. Undisputed for the purposes of this motion. |
| 110. Third, California's robust gambling enactment – the Gambling Control Act – provides California with the ability to | 110. Undisputed for the purposes of this motion.

Defendants note that California |

| | |
|---|---|
| prevent criminals from any involvement in casinos, whether as employees, owners, or patrons, as well as to require extensive recordkeeping which would enable the prosecution of wrong doers.<br><br>(Cal. Bus. & Prof. Code §§ 19800 *et seq.*) | Business and Professions Code sections 19858 and 19858.5 are part of the California Gambling Control Act that Plaintiffs cite. |
| 111.  Indeed, California has the ability to disqualify anyone associated  with "criminal  profiteering  activity  or organized  crime"  from  obtaining  or possessing  a cardroom license.<br><br>(Cal. Bus. & Prof. § 19859(e).) | 111.  Undisputed as to the quoted language. |
| 112.  Further, the California Gambling Control Commission has the discretion to deny or revoke a license based on consideration of "whether issuance of the license is inimical to public health, safety, or welfare, and whether issuance of the license will undermine public trust that the gambling operations with respect to which the license would be issued are free from criminal and dishonest elements and | 112.  Undisputed as to the quoted language. |

| | |
|---|---|
| would be conducted honestly." (Cal. Bus. & Prof. Code § 19856(c).) | |
| 113. For all these reasons, in the absence of the Statutes, there would be no void to fill. RJN Ex. G at 11-12, 13, 16; *see also* Cal. Penal Code §§ 67-68, 92-100, 182-85, 186, 503-515, 518-527; Cal. Bus. & Prof. Code §§ 19800 *et seq.*; Flynt Decl. ¶ 33; Kelegian, Sr. Decl. ¶ 22 Kelegian, Jr. Decl. ¶ 32 | 113. Disputed. Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The cited statutes speak for themselves. Plaintiffs' asserted statement of fact is |

76

not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the cited statutes and is speculation and legal argument. The cited declarations are nothing more than hearsay, in this regard.

Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4); Fed. R. Evid. 801(c).

114. California, has the tools to prevent cardroom licensees from associating with organized crime by way of State and federal oversight of casinos operated by publicly-traded companies, State and federal laws targeting organized crime, and extensive State regulation of gambling.

(RJN Ex. G at 11-12, 13, 16; *see also* Cal. Penal Code §§ 67-68, 92-100, 182-85, 186, 503-515, 518-527; Cal. Bus. & Prof. Code §§ 19800 *et seq.*)

114. Disputed.

Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and

77

Defs.' Resp. to Plfs.' Separate Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)

| | five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. The cited statutes speak for themselves. Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the cited statutes and is speculation and legal argument.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
|---|---|
| 115. Finally, to the extent that there is concern that lifting the ownership restrictions would result in an expansion of cardrooms in California, California already has statutes in place that empower the State to limit the scope of gambling.<br><br>(Bus. & Prof. Code §§ 19961, 19962.) | 115. Disputed.<br>The cited statutes speak for themselves. Plaintiffs' asserted statement of fact is not an allegedly undisputed fact, but instead is Plaintiffs' alleged interpretation of the cited statutes and is speculation and legal argument.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 116. Due to these regulations, the Little Hoover Commission concluded that "[l]ifting the ownership limitations | 116. Disputed.<br><br>The material cited does not establish |

78

would not change" the State's ability to limit the size and scope of cardrooms.

(RJN Ex. G at 16.)

the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

---

117. At the time Section 19858 was enacted, gambling accounted "employ[ed] more than 20,000 people in the State of California, and contribute[d] more than one hundred million dollars ($100,000,000) in taxes and fees to California's government."

117. Undisputed as to the language quoted.

| | |
|---|---|
| (Cal. Bus. & Prof. Code § 19801(b);) | |
| 118. "Gambling is a significant industry in California." <br><br> (RJN Ex. G at 6.) | 118. Disputed. <br><br> The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  This quote is from the Little Hoover Commission report.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. <br><br> Fed. R. Civ. P. 56(c)(1)(B). |
| 119. The Little Hoover Commission concluded that the Statutes "are no | 119. Disputed. |

80

longer necessary to protect the public safety."

(RJN Ex. G at 17.)

The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

120. The Little Hoover Commission further elaborated that:

The issue before the Commission was whether the ownership prohibitions are still necessary to protect the public against criminal activity.   The answer is clearly no.   The issue of expansion,

120. Disputed.

The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  The Little Hoover Commission report speaks for

81

which was not directly before the Commission, already is addressed in the law.   Therefore, the Commission has concluded that allowing card rooms to be owned by publicly traded companies – even those owned by out-of-state casino interests – would not be inconsistent with existing policy goals.   If policy-makers do not intend for this change to result in an increase in the scope of gambling, they could fortify the existing commitment against expansion, as well.

(RJN Ex. H at 2.)

itself and represents the conclusions made by that entity at the time, 20 years ago.  Those conclusions represent the opinions of that entity, and are not "facts."  Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation.

Fed. R. Civ. P. 56(c)(1)(B).

121. A predecessor-Defendant – the former Chairman of the California Gambling Control Commission – testified that "the primary reason for the ownership limitations . . . is no longer valid."

(RJN Ex. G at 13.)

121. Disputed.

The material cited does not establish the absence or presence of a genuine dispute and Defendants dispute the alleged fact on that basis.  This quote is from the Little Hoover Commission report and represents the conclusions made by the quoted individual at the time that report was issued, 20 years ago.  Those conclusions represent the opinions of that individual, and are not

82

| | |
|---|---|
| | "facts." Defendants dispute those conclusions and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 122. The general crime associated with cardrooms was found to be "no greater and probably less than would be expected of any business that attracted a large clientele." <br><br> (RJN Ex. G at 10 (quoting Thomas Gale Moore, *Card Clubs and Crime in California*. Hoover Inst., Stanford Univ. (1997)).) | 122. Disputed. <br><br> Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years |

| | |
|---|---|
| | after those conclusions were made and five years prior to the enactment of the current statutory scheme, including Section 19858.5, which the Plaintiffs are challenging in this litigation. |
| | Fed. R. Civ. P. 56(c)(1)(B). |
| 123. Whatever harm should befall the State on the basis of a cardroom licensee also having an interest in a casino, that harm is present, even though the Statutes remain in effect at this time.<br><br>(RJN Ex. G at 13.) | 123. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact. This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation and legal argument. The Little Hoover Commission report speaks for itself and represents the conclusions made by that entity at the time, 20 years ago. Those conclusions represent the opinions of that entity, and are not "facts." Defendants dispute the conclusions of the report and their relevance today, 20 years after those conclusions were made and five years prior to the enactment of the current statutory scheme, including |

| | |
|---|---|
| | Section 19858.5, which the Plaintiffs are challenging in this litigation.<br><br>Fed. R. Civ. P. 56(c)(1)(B). |
| 124. Plaintiffs have established irreparable harm.<br><br>(Flynt Decl. ¶¶ 6-34; Kelegian, Sr. Decl. ¶¶ 3-23; Kelegian, Jr. Decl. ¶¶ 5-36.) | 124. Disputed.<br>    Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 125. The Statutes have forced Plaintiffs to make decisions they would not otherwise make that were to their financial detriment.<br><br>(Flynt Decl. ¶¶ 6-34; Kelegian, Sr. Decl. ¶¶ 3-23; Kelegian, Jr. Decl. ¶¶ 5-36.) | 125. Disputed.<br>    Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

| | |
|---|---|
| 126. As long as the Statutes remain in effect, Plaintiffs will continue to suffer from the deprivation of constitutional rights which is a non-monetary injury.<br><br>(Flynt Decl. ¶¶ 6-34; Kelegian, Sr. Decl. ¶¶ 3-23; Kelegian, Jr. Decl. ¶¶ 5-36.) | 126. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 127. Further, Plaintiffs are unable to calculate damages of any kind.<br><br>(Flynt Decl. ¶ 29; Kelegian, Sr. Decl. ¶ 18; Kelegian, Jr. Decl. ¶ 28.) | 127. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 128. Although they are repeatedly offered the opportunity to invest in out-of-state casinos, and on occasion, have undertaken initial steps to analyze such offers, due to the Statutes, they are | 128. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly |

86

| | |
|---|---|
| prevented from moving past the preliminary stages to fully vet, analyze, and value an offer.<br><br>(Flynt Decl. ¶ 29; Kelegian, Sr. Decl. ¶ 18; Kelegian, Jr. Decl. ¶ 28.) | undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 129. A calculation of damages based on the preliminary information obtained would be speculative, at best.<br><br>(Flynt Decl. ¶ 29; Kelegian, Sr. Decl. ¶ 18; Kelegian, Jr. Decl. ¶ 28.) | 129. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 130. All of the discretionary factors favor entry  of declaratory relief [sic]<br><br>(Cambria Decl. ¶¶ 7-12.) | 130. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

87

| | |
|---|---|
| 131. Plaintiffs do not request that this court determine any issues of state law in the Motion.   The sole issue is whether the Statutes violate the federal constitution, namely, the dormant Commerce Clause.<br><br>(Cambria Decl. ¶ 7.) | 131. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is legal argument and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 132. There was no forum shopping involved in this action.  This is the forum where such an action against the Defendants should be filed.<br><br>(Cambria Decl. ¶ 8.) | 132. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is legal argument and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 133. Declaratory action will settle all aspects of the controversy because whether this Court declares that the Statutes violate the dormant Commerce | 133. Disputed.<br><br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted |

88

| | |
|---|---|
| Clause or not, that declaration ends the matter at issue [sic]<br><br>(Cambria Decl. ¶ 9.) | statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 134. Each day that the Statutes remain in effect and are enforced against licensees like Plaintiffs, Plaintiffs are subjected to a violation of their rights under the dormant Commerce Clause, which will not cease absent an order from this Court declaring the Statutes unconstitutional and enjoining enforcement of them.<br><br>(Flynt Decl. ¶ 34; Kelegian, Sr. Decl. ¶ 23; Kelegian, Jr. Decl. ¶ 33.) | 134. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 135. This action will serve a useful purpose in clarifying the legal relations at issue because this action will determine whether the Plaintiffs will remain subject to the Statutes or whether the Statutes will be determined to violate the dormant Commerce Clause, and thus, no longer be enforceable against | 135. Disputed.<br>Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is speculation, legal argument, and opinion unsupported by facts. |

| | |
|---|---|
| Plaintiffs (or any cardroom licensees).<br><br>(Cambria Decl. ¶ 10.) | Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 136. The relief sought is not being sought merely for purposes of procedural fencing or to obtain a res judicata advantage.   Plaintiffs brought the instant action to obtain relief from enforcement of an unconstitutional provision of law against them.    That was Plaintiffs sole purpose for bringing this action.<br><br>(Cambria Decl. ¶ 11.) | 136. Disputed.<br>    Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is legal argument and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |
| 137. This action will not result in entanglement between the federal and state court systems as there is no involvement of the state court system in this action or in any related action.  Plaintiffs have presented these issues to this Court, alone, and have not litigated their claim elsewhere.<br><br>(Cambria Decl. ¶ 12.) | 137. Disputed.<br>    Plaintiffs' cited evidence does not support this alleged statement of undisputed fact.  This asserted statement of fact is not an allegedly undisputed fact, but instead is legal argument and opinion unsupported by facts.<br><br>Fed. R. Civ. P. 56(c)(1)(B), 56(c)(4). |

1   Dated:  May 31, 2022                           Respectfully Submitted,

2                                        ROB BONTA
Attorney General of California

3                                        SARA J. DRAKE
Senior Assistant Attorney General

4                                        T. MICHELLE LAIRD
Supervising Deputy Attorney General

5

6                                        */s/* James G. Waian

7                                        JAMES G. WAIAN
Deputy Attorney General

8                                        *Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Resp. to Plfs.' Separate Statement of Undisputed Material Facts (2:16-cv-02831-JAM-JDP)