PAUL J. CAMBRIA, JR., State Bar No. 177957
ERIN E. MCCAMPBELL (*pro hac vice*)
    pcambria@lglaw.com
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
Telephone:  (716) 849-1333
Fax:  (716) 855-1580
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLYNT, HAIG KELEGIAN, SR., and HAIG T. KELEGIAN, JR., <br><br>    Plaintiffs, <br><br>v. <br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; YOLANDA MORROW, in her official capacity as the Acting Director of the California Department of Justice, Bureau of Gambling Control; PAULA D. LaBRIE, in her official capacity as Chair of the California Gambling Control Commission; ERIC C. HEINS, in his official capacity as Commissioner of the California Gambling Control Commission; EDWARD YEE, in his official capacity as Commissioner of the California Gambling Control Commission; CATHLEEN GALGIANI, in her official capacity as Commissioner of the California Gambling Control Commission; WILLIAM LIU, in his official capacity as Commissioner of the California Gambling Control Commission, <br><br>    Defendants. | 2:16-cv-02831-JAM-JDP <br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS** <br>Courtroom:  6 <br>Judge:  The Honorable John A. Mendez <br>Trial Date:  November 14, 2022 <br>Action Filed:  November 30, 2016 |

1

Plaintiffs Elizabeth Flynt ("Flynt"), Haig Kelegian, Sr. ("Kelegian, Sr."), and Haig T. Kelegian, Jr. ("Kelegian, Jr.") ("Plaintiffs") submit this response to Defendants' Statement of Undisputed Material Facts (Dkt. 94-1) in support of Defendants' Notice of Cross-Motion and Cross Motion for Summary Judgment (Dkt. 94) as to Plaintiffs' Third Amended Complaint.

## UNDISPUTED FACTS

|   | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1 | California Business and Professions Code sections 19858 and 19858.5 (the Statutes, or individually, section 19858 or section 19858.5) apply equally to residents and non-residents of the state and there is no bar to out-of-state ownership or operation of card rooms in California.<br><br>Sections 19858 and 19858.5; *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM- EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020). | Undisputed. |
| 2 | Plaintiffs do not have standing to allege that the Statutes are discriminatory in their purpose and effect because Plaintiffs Elizabeth Flynt, Haig Kelegian, Sr., and Haig T. Kelegian, Jr. (Plaintiffs) are not out-of-state residents.<br><br>*Flynt v. Shimazu*, No. 2:16-cv-02831- JAM-EFB, slip op. at 8-9 (E.D. Cal. June 15, 2020). | Disputed. While this Court previously ruled that Plaintiffs lacked standing to assert per se claims of discrimination, evidence of discrimination can be considered by a court under *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), as discussed in Plaintiffs' Memorandum of Points and Authorities in |

2

| | | |
|---|---|---|
| | | Opposition to the Cross-Motion and in further support of Plaintiffs' Motion ("Reply Memorandum"). |
| 3 | The Statutes do not regulate extraterritorially because they do not attempt to compel action outside of California's boundaries nor do they attempt to regulate the conduct of businesses in other states.<br><br>Sections 19858 and 19858.5; *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM- JDP, slip op. at 10 (E.D. Cal. January 14, 2021). | Disputed. While this Court declined to find that the Statutes targeted and directly regulated out-of-state conduct on their face, this Court nonetheless recognized that "[t]hese provisions have extraterritorial effects, such as requiring Plaintiffs to restructure out-of-state business deals or forego them entirely." (Dkt. 67 at 9-10.) Since this ruling, Plaintiffs have amassed an undisputed record as to the various ways that the Statutes "have extraterritorial effects," none of which were disputed by Defendants, and all of which support Plaintiffs' remaining claim that the burdens imposed on interstate commerce are "clearly excessive" to the non-existent local benefits. (Dkt. 94-4 ¶¶ 45-77.) |

| | | | |
|---|---|---|---|
| 4 | On January 14, 2021, this Court granted in part, and denied in part, Defendants' motion to dismiss Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief, dismissing Plaintiffs' claims based on allegations of extraterritorial regulation, leaving Plaintiffs with only the portion of their dormant Commerce Clause claim alleging an unconstitutional indirect regulation of interstate commerce. *Flynt v. Shimazu*, No. 2:16-cv-02831- JAM-JDP, slip op. at 10-11 (E.D. Cal. January 14, 2021). | | Undisputed. |
| 5 | The extraterritoriality claim has been dismissed and is no longer a part of this case. Plaintiffs' Mot. Summ. J. 1 n.1. *See Flynt v. Shimazu*, No. 2:16-cv-02831- JAM-EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020); *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM-JDP, slip op. at 10 (E.D. Cal. January 14, 2021). | | Undisputed. However, as discussed in the Reply Memorandum, in dismissing Plaintiffs' per se claim of direct regulation, this Court recognized that that "[t]hese provisions have extraterritorial effects, such as requiring Plaintiffs to restructure out-of-state business deals or forego them entirely." (Dkt. 67 at 9-10.) Since this ruling, Plaintiffs have amassed an undisputed record as to the various ways that the Statutes "have extraterritorial effects," |

| | | |
|---|---|---|
| | | none of which were disputed by Defendants, and all of which support Plaintiffs' remaining claim that the burdens imposed on interstate commerce are "clearly excessive" to the non-existent local benefits. (Dkt. 94-4 ¶¶ 45-77.) |
| 6 | The agencies charged with implementing and enforcing the Statutes have never construed or applied them in the broad hypothetical way that Plaintiffs assert.<br><br>Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. | Undisputed; but not relevant. As discussed in greater detail in the Reply Memorandum, Defendants' statements about their self-imposed limitations on enforcement are not relevant to this Court's analysis. (Reply Mem. at 7-8.) |
| 7 | Sections 19858 and 19858.5 have never been applied in the broad hypothetical way Plaintiffs assert.<br><br>Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. | Undisputed, but not relevant. As discussed in greater detail in the Reply Memorandum, Defendants' statements about their self-imposed limitations on enforcement are not relevant to this Court's analysis. (Reply Mem. at 7-8.) |
| 8 | Sections 19858 and 19858.5 apply to all license applicants, regardless of whether they are residents or non-residents of California. | Undisputed. |

| | | | |
|---|---|---|---|
| | | Sections 19858 and 19858.5; *Flynt v. Shimazu*, No. 2:16-cv-02831-JAM- EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020). | |
| | 9 | This Court has held that the Statutes do not discriminate against out-of-state businesses. *Flynt v. Shimazu*, No. 2:16-cv-02831- JAM-EFB, slip op. at 7-9 (E.D. Cal. June 15, 2020). | Disputed. This Court dismissed Plaintiffs' per se discrimination claim, concluding that the Statutes did not discriminate against interstate commerce on their face, and that Plaintiffs' lacked the standing to assert a claim of per se invalidity on behalf of out-of-state casino owners who want to enter California's gambling market. (Dkt. 7-9.) In reaching that conclusion, this Court recognized that Plaintiffs' allegations of discriminatory effects show that the Statutes may "serve as a barrier to all out-of-state competition with in-state cardrooms." (*Id*. at 8.) This Court did not preclude itself from consideration of this evidence on Plaintiffs' *Pike* balancing claim, which, as discussed in the Reply |

6

| | | |
|---|---|---|
| | | Memorandum, is consistent with traditional dormant Commerce Clause analysis. (Reply Mem. at 14-15.) The plain text of the Statutes shows that they create a barrier to out-of-state competition from those within the gambling industry, *see* Bus. & Prof. Code §§ 19858, 19858.5, and those within the industry are the people who would invest in cardrooms because they have the knowledge and expertise to operate a cardroom, *see* Jun. 14, 2022 Kelegian, Jr. Decl. ¶ 5). |
| 10 | This Court has held that the Statutes do not directly regulate commerce occurring wholly outside the State.<br><br>*Flynt v. Shimazu*, No. 2:16-cv-02831- JAM-JDP, slip op. at 10 (E.D. Cal. January 14, 2021). | Disputed. While this Court declined to find that the Statutes targeted and directly regulated out-of-state conduct on their face, this Court nonetheless recognized that "[t]hese provisions have extraterritorial effects, such as requiring Plaintiffs to restructure out-of-state business deals or forego them entirely." (Dkt. 67 at 9-10.) Since this ruling, Plaintiffs have |

| | | |
|---|---|---|
| | | amassed an undisputed record as to the various ways that the Statutes "have extraterritorial effects," none of which were disputed by Defendants, and all of which support Plaintiffs' remaining claim that the burdens imposed on interstate commerce are "clearly excessive" to the non-existent local benefits. (Dkt. 94-4 ¶¶ 45-77.) |
| 11 | The California agencies tasked with implementing the card room licensing scheme, the California Gambling Control Commission and the Bureau, of Gambling Control, have consistently interpreted and applied section 19858 and section 19858.5 only to individuals and entities, including their partners, in the case of a partnership licensee, and their officers, directors, and shareholders, in the case of a corporate licensee, applying for, and holding, California card room licenses, and continue to construe and apply the Statutes this way.<br><br>Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. | Undisputed, but not relevant. As discussed in greater detail in the Reply Memorandum, Defendants' statements about their self-imposed limitations on enforcement are not relevant to this Court's analysis. (Reply Mem. at 7-8.) |
| 12 | The California agencies tasked with implementing the card room licensing scheme, the California Gambling | Undisputed, but not relevant. As discussed in greater detail in the |

| | |
|---|---|
| Control Commission and the Bureau of Gambling Control, have consistently construed section 19858 and section 19858.5 to not apply to any individuals or entities that are not applying for, or that do not hold, a California card room license, and continue to construe and apply the Statutes this way.<br><br>Decl. Stacey Luna Baxter; Decl. Yolanda Morrow. | Reply Memorandum, Defendants' statements about their self-imposed limitations on enforcement are not relevant to this Court's analysis.  (Reply Mem. at 7-8.) |

Dated: June 14, 2022

Respectfully Submitted,

LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Erin McCampbell Paris

*Attorneys for Plaintiffs*